United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION, et al.,<br><br>Defendants. | Case No. 5:18-cv-00821-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Re: Dkt. No. 191 |

Plaintiff Regents of the University of Minnesota ("University") filed the instant case against Defendants LSI Corporation et al. (collectively "LSI"), alleging infringement of U.S. Patent No. 5,859,601 (the "'601 patent"). Presently before the Court is LSI's motion to stay the case pending *inter partes* review ("IPR"). Motion to Stay ("Mot."), Dkt. No. 191. For the reasons discussed below LSI's motion is GRANTED.

## I. BACKGROUND

### A. This Case

The University initiated this lawsuit in the District of Minnesota on August 25, 2016, alleging infringement of the '601 patent. Dkt. No. 1. The '601 patent generally relates to "an improved coding technique involving data recovery channels utilizing sequence detection methods." '601 patent, col. 1 ll. 11-13. It expired on October 15, 2016.

1 On March 10, 2017, LSI filed a petition with the Patent Trial and Appeal Board ("PTAB") for IPR of all of the asserted claims of the '601 patent. Roughly three months later, on July 26, 2017, LSI moved for a stay pending IPR. Dkt. No. 63. The motion to stay was briefed and argued in Minnesota, but the court did not rule on the motion. Dkt. No. 144 at 10 n.3. Instead, in light of the Supreme Court's recent decision *in TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), the Minnesota court determined that venue was improper and transferred the case to this District on February 1, 2018. Dkt. No. 144.

At the time of transfer, the parties had already exchanged infringement and invalidity contentions. Dkt. No. 181 at 6. In addition, the parties had two discovery motions pending: a motion by the University to compel discovery relating to foreign information and documents (Dkt. No. 116) and a motion by LSI to strike the University's supplemental infringement contention chart (Dkt. No. 129). Both motions are scheduled to be heard by Magistrate Judge Cousins on June 13, 2018. Dkt. No. 200.

On March 14, 2018, the Court issued a Patent Scheduling Order. Dkt. No. 186. In accordance with the current schedule, the parties exchanged preliminary claim constructions pursuant to Patent L.R. 4-2 on March 14, 2018 and filed a Joint Claim Construction and Prehearing Statement pursuant to Patent L.R. 4-3 on April 13, 2018. Dkt. No. 204. Claim construction discovery is set to close on May 11, 2018 and the University's opening claim construction brief is due on May 25, 2018. Dkt. No. 186. Fact discovery is set to close on September 15, 2018. *Id*.

In addition to claim construction activities, the parties have continued to engage in discovery. Both sides have produced some documents, but no depositions have been noticed or taken. Mot. 8; *see* Opp. 4; Reply 11. In addition, in October 2017, LSI made its source code available for inspection. Mot. 8. The University has not yet inspected it. *Id*.

On March 15, 2018, LSI filed a motion for judgment on the pleadings that the '601 patent was invalid because it was directed to patent-ineligible subject matter under 35 U.S.C. § 101. Dkt. No. 190. The following day, LSI filed the instant motion, again requesting a stay pending IPR.

Case No.: 5:18-cv-00821-EJD
ORDER GRANTING MOTION TO STAY PENDING *INTER PARTES* REVIEW
2

Dkt. No. 191.

### B. *Inter Partes* Review

While this case has progressed, so have activities related to LSI's IPR. Roughly two months after LSI filed its petition for IPR, on May 9, 2017, the University moved to dismiss the petition on the theory that, as an arm of the State of Minnesota, sovereign immunity protects the University from being involuntarily subjected to IPR. *LSI Corp. and Avago Tech. U.S., Inc. v. Regents of the Univ. of Minn.*, IPR2017-01068, Paper No. 10. The PTAB denied the motion to dismiss on December 19, 2017. *Id.*, Paper No. 19.

The University appealed the decision to the Federal Circuit, which consolidated the appeal with six other appeals from the University from IPR proceedings involving Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"). Order, Regents of the Univ. of Minn. vs. LSI Corp., No. 18-1559, Dkt. 2 (Fed. Cir. Feb. 21, 2018) ("Consolidation Order"). According to the current schedule, the University's opening brief is due on May 29, 2018, the consolidated appellee's responsive brief is due on July 9, 2018, and the University's reply is due on July 23, 2018. *See* Fed. Cir. R. 31(a)(1)(b)-(3). All proceedings at the PTAB have been stayed pending resolution of the appeal. IPR2017-01068, Paper No. 26 at 1.

### C. Other District Court Proceedings

This case is not the only patent infringement action initiated by the University. On November 5, 2014, the University filed four separate actions in the District of Minnesota against Sprint, A&T, T-Mobile, and Verizon, alleging infringement of various patents related to established 4G LTE network services. D. Minn. Case Nos. 0:14-cv-04666-JRT-TNJ; No. -04669; No. -04671; No. -04672. On August 29, 2016, the University sued Gilead Sciences in the District of Minnesota, alleging infringement by Gilead's Hepatitis C drugs. D. Minn. Case No. 0:16-cv-02915-SRN-HB. The case against Gilead was transferred to this District in October 2017. Case No. 3:17-cv-06056-VC. All of these cases have been stayed pending IPR. Dkt. No. 87-1 at 21; Declaration of Edward Mayle ("Mayle Decl."), Ex. 4, Dkt. No. 191-5.

## II. LEGAL STANDARD

A district court has inherent power to manage its own docket and stay proceedings, "including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). Courts in this District examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted).

## III. DISCUSSION

### A. Stage of the Litigation

The stage of this litigation favors a stay. No trial date has been set. *See* Dkt. No. 186. In addition, although discovery has begun, it is far from complete. No depositions have been taken, and fact discovery will not close for another four months. *See* Mot. 8; *see* Opp. 4; Reply 11; Dkt. No. 186. In addition, the parties are actively engaged in at least two discovery disputes which will not be resolved for at least another month. Dkt. No. 200. While it is true that the parties have begun and/or completed a number of their obligations under the patent local rules (e.g., infringement contentions, invalidity contentions, claim construction discovery), these are generally events that happen early in the life of a case and are not, by themselves, enough to weigh against a stay. Far more work lies ahead than has been completed.

### B. Simplification of Issues

"A stay pending reexamination is justified where 'the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.'" *Evolutionary Intelligence, LLC v. Apple, Inc.*, No. 13-CV-04201-WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014) (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998)). "The standard is simplification of the district court case, not complete elimination of it by the

Case No.: 5:18-cv-00821-EJD
ORDER GRANTING MOTION TO STAY PENDING *INTER PARTES* REVIEW
4

PTAB." *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014).

For the most part, this factor is neutral. The PTAB has not yet instituted IPR. In general, "[u]ntil the PTAB makes a decision on whether to grant the IPR petition, any argument about whether the IPR process will simplify issues . . . is highly speculative." *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-CV-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015). This is because "the likelihood of invalidation depends entirely on the particulars of the patents and claims in dispute." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *4 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). Thus, the Court cannot determine at this stage whether IPR could simplify the substantive issues in this case.

Nevertheless, even though it is not clear whether a stay could simplify the substantive issues in this case, it at least simplifies this case from a practical perspective. As noted above, the University's cases against Sprint, A&T, T-Mobile, and Verizon—which involve at least somewhat similar technology to that at issue here—and the University's case against Gilead have all been stayed. Dkt. No. 87-1 at 21; Mayle Decl., Ex. 4, Dkt. No. 191-5. It would create unnecessary complications to allow this case to continue to move forward while the remainder are stayed pending IPR. Accordingly, although the simplification of issues factor is mostly neutral, this consideration slightly favors a stay.

### C. Prejudice to the University

The last factor—whether a stay would unduly prejudice or present a clear tactical disadvantage to the University—favors a stay. This case involves only one patent, which expired in 2016. Thus, the University can only seek monetary damages for LSI's alleged infringement. Whether or not this case is stayed, the University will eventually be able to seek this recovery and eventually be made whole. *See Sorensen v. Lexar Media, Inc.*, No. C 08-00095 JW, 2009 WL 10695750, at *2 (N.D. Cal. Feb. 25, 2009) ("[G]ven that the '184 patent has otherwise expired . . . the Court cannot ascertain any prejudice that will inure to Plaintiff as the result of a stay, because damages will not continue to accrue during the period the stay is in place."). In addition, the risk

Case No.: 5:18-cv-00821-EJD
ORDER GRANTING MOTION TO STAY PENDING *INTER PARTES* REVIEW
5

of "fading memories" and "loss of documentation" seems low. The '601 patent is 22 years old—if any evidence has been lost, its seems likely that this has already happened. The risk of an additional loss of evidence that could be incurred by staying this case seems minimal. Thus, a stay would not unduly prejudice the University.

The Court also discerns no clear tactical disadvantage that the University would incur if this case was stayed. In its opposition, the University complains of various "delay" tactics which LSI allegedly engaged in and argues that the timing of LSI's IPR petition and motion to stay suggest that it seeks a tactical advantage through a stay. Opposition, Dkt. No. 202, at 13-14. Whether or not this is true, this is not the standard—what matters is whether a stay will disadvantage the University, not whether a stay will advantage LSI. The Court discerns no clear disadvantage here—whether it happens now or in 1-2 years, the University will have the opportunity to adjudicate its claims.

Further, to the extent the University complains that it will be prejudiced by not reaching a resolution on the merits as quickly as it otherwise could have, this position is undercut by the University's own actions at the PTAB. Instead of waiting for the PTAB's institution decision, the University decided to move to dismiss the IPR and then, when that failed, appeal to the Federal Circuit. As such, it appears that the University at least has some tolerance for elongated proceedings; to complain about delay here seems incongruous. Accordingly, the final factor favors a stay.

### D. Conclusion

In sum, at least two of the three factors favor granting a stay. Thus, on balance, the Court find it appropriate to stay this case.

## IV. ORDER

The Court GRANTS LSI's motion. This case is STAYED pending final exhaustion of the IPR proceedings to which the '601 patent is currently subject. The parties shall file a joint status report with the Court no later than seven (7) days after the PTAB's completion of these IPR proceedings.

Case No.: 5:18-cv-00821-EJD
ORDER GRANTING MOTION TO STAY PENDING *INTER PARTES* REVIEW
6

All pending matters are TERMINATED WITHOUT PREJUDICE. The Clerk shall administratively close this file.

**IT IS SO ORDERED.**

Dated: May 11, 2018

EDWARD J. DAVILA
United States District Judge