Edward P. Sangster (SBN 121041)
ed.sangster@klgates.com
Jas Dhillon (SBN 252842)
jas.dhillon@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Tel:  (415) 882-8200
Fax:  (415) 882-8220

*Counsel for Plaintiff*
*Additional counsel listed on signature pages*

KILPATRICK TOWNSEND & STOCKTON LLP
Kristopher L. Reed (SBN 235518)
*kreed@kilpatricktownsend.com*
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101

Edward J. Mayle (admitted *pro hac vice*)
*tmayle@kilpatricktownsend.com*
1400 Wewatta St., Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321

April E. Isaacson (SBN 180638)
*aisaacson@kilpatricktownsend.com*
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA, <br><br> Plaintiff, <br><br> vs. <br><br> LSI CORPORATION and AVAGO TECHNOLOGIES U.S. INC., <br><br> Defendants. | Case No.: 5:18-cv-00821-EJD-NMC <br><br> **AMENDED JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT UNDER PATENT L.R. 4-3** <br><br> *Tutorial and Markman* Hearing: July 19, 2023 <br> Time: 10:30 a.m. <br> Location: San Jose, Courtroom 4, 5th Floor |

Plaintiff Regents of the University of Minnesota ("University") and Defendants LSI Corporation and Avago Technologies U.S. Inc. (together, "LSI" or "Defendants") jointly submit this Amended Joint Claim Construction and Prehearing Statement in accordance with Patent L.R. 4-3 and the Court's April 26, 2023 Patent Scheduling Order (Dkt. 228).  This Amended Statement reflects the parties' current positions in light of the completed IPR proceedings and the related Federal Circuit appeal.  This Statement and the attached Exhibits incorporate the parties' changes, if any, to their prior proposed constructions and the evidence proffered in support of those constructions.

The sole asserted patent in this case is U.S. Patent 5,859,601 ("'601 Patent"), a copy of which is attached hereto as **Exhibit A**.  On March 10, 2017, Defendants filed a petition with the Patent Trial and Appeal Board ("PTAB") for IPR challenging the validity of certain claims in the '601 Patent, including all claims asserted in the litigation.  Upon LSI's motion, the Court stayed this case pending the conclusion of the IPR proceedings for the '601 Patent.  Dkt. 211.  During the pendency of the IPR proceedings, the University narrowed the issues to be determined by filing a statutory disclaimer with the Patent Office cancelling claims 1-12, 15, 16, and 21 of the '601 Patent, leaving independent claim 13 and two dependent claims (*i.e.*, claims 14 and 17) at issue in the IPR.

On April 14, 2021, the PTAB issued its Final Written Decision ("IPR Decision") in which it found that LSI had "shown by a preponderance of the evidence that claim 13 of the '601 patent is unpatentable under 35 U.S.C. § 102 as anticipated by [the] Okada [reference], but [LSI] has not shown that claims 14 and 17 are unpatentable."  A copy of the IPR Decision is attached hereto as **Exhibit B**.  The University asserts both surviving claims—claims 14 and 17—against LSI in this litigation (the "Asserted Claims").  The Asserted Claims were not amended during the IPR.  LSI appealed the PTAB's ruling with respect to the Asserted Claims, and the Federal Circuit affirmed the

AMENDED JOINT CLAIM CONSTRUCTION AND PREHEARING
STATEMENT UNDER PATENT L.R. 4-3                                   CASE NO. 3:18-CV-00821-EJD-NMC

PTAB's ruling.  *See LSI Corp. v. Regents of Univ. of Minn.*, 43 F. 4th 1349 (Fed. Cir. 2022).
Subsequently, the Court, upon stipulation by the Parties, lifted the stay.  Dkts. 217, 218.

A copy of the complete, original prosecution history for the '601 Patent is available to the Court upon request, and was previously filed on March 15, 2018, as Dkt. 190-3.

## I.    CONSTRUCTION OF THOSE TERMS ON WHICH THE PARTIES AGREE

The Asserted Claims depend, directly or indirectly, from claim 13.  Accordingly, terms in claim 13 are included in Asserted Claims.  *See* 35 U.S.C. § 112(d) ("A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.").  The parties agree to the constructions set forth below for certain claim terms in the Asserted Claims of the '601 Patent.

| Claim Language | Agreed-Upon Construction |
|---|---|
| **m-bit binary datawords**<br><br>'601 Patent, claim 13 | bit sequences of length m |
| **binary datawords**<br><br>'601 Patent, claim 13 | bit sequences of length m |
| **n-bit binary codewords**<br><br>'601 Patent, claim 13 | bit sequences of length n |
| **n-bit codewords**<br><br>'601 Patent, claim 13 | bit sequences of length n |
| **Recorded waveform**<br><br>'601 Patent, claim 13 | Plain and ordinary meaning |
| **Imposing a pair of constraints (j;k)**<br><br>'601 Patent, claim 13 | Plain and ordinary meaning |

| Claim Language | Agreed-Upon Construction |
|---|---|
| **Generating no more than j consecutive transition of said sequence in the recorded waveform such that j≥2**<br><br>'601 Patent, claim 13 | Plain and ordinary meaning |
| **Generating no more than k consecutive sample periods of said sequence without a transition in the recorded waveform**<br><br>'601 Patent, claim 13 | Plain and ordinary meaning |
| **Wherein the binary sequences produced by combining codewords have no more than one of j consecutive transitions from 0 to 1 and from 1 to 0**<br><br>'601 Patent, claim 13 | Plain and ordinary meaning |
| **No more than one of k+1 consecutive 0's and k+1 consecutive 1's**<br><br>'601 Patent, claim 13 | Plain and ordinary meaning |
| **NRZ recording format**<br><br>'601 Patent, claim 13 | Plain and ordinary meaning |

## II.    DISPUTED TERMS AND IDENTIFICATION OF MOST SIGNIFICANT TERMS

The parties dispute the construction of three (3) terms in the Asserted Claims.  Each party's proposed constructions and identified support therefor are presented in **Exhibit C** hereto.

The terms for construction are set forth below and appear in claim 13.  The parties propose that the disputed terms be argued in the following order at the hearing (which is the order in which the terms first appear in claim 13):

(1)  "producing sequences of n-bit codewords" in claim 13; and

(2) "encoded waveform" in claim 13;

(3) "transitions" in claim 13.

## III.   ANTICIPATED LENGTH AND TIME NECESSARY FOR THE CLAIM CONSTRUCTION HEARING

The Claim Construction Hearing is currently scheduled for July 19, 2023, with the Case Tutorial starting at 10:30 a.m.  Dkt. 228.  The parties anticipate needing no more than three (3) hours (1.5 hours per side) for the hearing, including the tutorial.

## IV.   IDENTIFICATION OF WITNESSES FOR CLAIM CONSTRUCTION HEARING

Neither party intends to present any witnesses live at the Claim Construction Hearing.

The University expects to rely on testimony (in the form of declarations and/or depositions) from (i) Prof. Steven W. McLaughlin, Provost and Executive Vice President for Academic Affairs at the Georgia Institute of Technology and testimony and (ii) Defendants' identified expert, Professor Emina Soljanin, Professor of Electrical & Computer Engineering at Rutgers University, in support of its claim construction arguments.  Specifically, in connection with this Court's claim construction proceedings and the IPR, each parties' expert provided two declarations and was deposed twice. Those declarations and deposition transcripts are attached hereto as follows:

- Exhibit D is Prof. McLaughlin's claim construction declaration, served as part of the University's Patent L.R. 4-2 disclosures on March 14, 2018;

- Exhibit E is Prof. McLaughlin's claim construction deposition transcript, dated May 7, 2018;

- Exhibit F is Prof. McLaughlin's IPR declaration, dated July 12, 2020;

- Exhibit G is Prof. McLaughlin's IPR deposition transcript, dated September 17, 2020;

- Exhibit H is Prof. Soljanin's claim construction declaration, dated April 13, 2018;

- Exhibit I is Prof. Soljanin's claim construction deposition transcript, dated May 9, 2018;

- Exhibit J is Prof. Soljanin's IPR declaration, dated March 9, 2017; and

- Exhibit K is Prof. Soljanin's IPR deposition transcript, dated June 12, 2020.

- Exhibit L is Dr. Jaekyun Moon's IPR deposition transcript, dated September 15, 2020.

The University currently intends to have Prof. McLaughlin available for the Case Tutorial.

LSI does not intend to affirmatively rely on expert testimony but reserves the right to respond to any of the University's arguments by citing, in LSI's claim construction brief, deposition testimony from both experts and/or the deposition testimony of the first named inventor of the '601 Patent, Dr. Jaekyun Moon.  Dr. Moon was deposed on September 15, 2020, in connection with the IPR proceedings (the transcript was filed in the IPR as Ex. 1034).  LSI believes that expert testimony is unnecessary for the Case Tutorial.

## V.     IDENTIFICATION OF FACTUAL FINDINGS REQUESTED FROM THE COURT RELATED TO CLAIM CONSTRUCTION

The parties dispute whether the Court should make factual findings with respect to claim construction.  The parties' positions are set forth below:

**The University's Identification**

The University requests that the Court find that the evidence cited by the University and Defendants, including the testimony of Profs. McLaughlin and Soljanin, supports the University's claim construction proposals and does not support Defendants' proposals.  *See Teva Pharm.*, 135 S. Ct. at 837-38 ("Claim construction is a question of law with underlying questions of fact.").  For example, the University requests that the Court find that a POSITA would understand that a "transition" referred to in the '601 Patent, including in the Asserted Claims, is a change in the

recording medium from one state to another, which can be represented in different ways depending on the recording format.

The University further requests that the Court reject LSI's assertion that the PTAB's discussion of the claim term "transition" is binding on this Court.  To the contrary, while the PTAB's discussion should be considered, it is indisputably not binding, particularly in this instance where the Federal Circuit did not opine on the claim constructions in its opinion.  *See*, *e.g.*, *In re Koninklijke Philips Patent Litig.*, No 18-cv-01885-HSG, 2020 WL 2733931, at *1 (N.D. Cal. May 26, 2020) (holding PTAB's claim constructions were *not* binding on district court because Federal Circuit declined to address and rule on the PTAB's claim constructions in its decision affirming IPR Final Written Decision); *In MyMail Ltd. v. IAC Search & Media, Inc.*, No. 17-cv-04488-LHK, 2020 WL 1043659, at *6 (N.D. Cal. Mar. 4, 2020) (prior claim constructions made by a different federal district court and the PTAB in an IPR Final Written Decision "are not binding").

**LSI's Position: Factual Findings Are Not Required**

The Court need not make any factual findings.  Instead, the Court can and should construe the disputed claim terms as a matter of law, in light of the intrinsic evidence (*i.e.*, the patent's claims, specification, and its prosecution history, including the IPR).  *See Markman v. Westview Instr., Inc.*, 517 U.S. 370, 372 (1996) ("We hold that the construction of a patent, including terms of art within its claim, is exclusively within the province of the court"); *see also Phillips v. AWH Corp.*, 415 F.3d 1305, 1314-24 (Fed. Cir. 2005) (*en banc*); *id*. at 1320 (overruling Circuit precedent that had "placed too much reliance on extrinsic sources such as dictionaries, treatises, and encyclopedias and too little on intrinsic sources, in particular the specification and the prosecution history"). In particular, the PTAB construed the term "transition" recited in independent claim 13 of the '601 Patent based primarily on intrinsic evidence and rejected the University's heavy reliance on extrinsic evidence. *See* Exhibit B at 9-21.  The meaning of "transition" was extensively litigated in the IPR, and the

6

1  PTAB's construction of that term was essential to its final decision that independent claim 13 is

2  unpatentable.  That final decision was affirmed by the Federal Circuit and the PTAB's construction

3  is therefore binding.

4

5  Dated:  May 16, 2023

6  By:  */s/ Jas Dhillon*                                    By:  */s/ Kristopher L. Reed*

7  Edward P. Sangster (SBN 121041)              KILPATRICK TOWNSEND & STOCKTON
8  ed.sangster@klgates.com                           LLP
   Jas Dhillon (SBN 252842)                          Kristopher L. Reed (SBN 235518)
9  jas.dhillon@klgates.com                            *kreed@kilpatricktownsend.com*
   K&L GATES LLP                                      2001 Ross Avenue, Suite 4400
10 Four Embarcadero Center, Suite 1200         Dallas, TX 75201
   San Francisco, California 94111                 Telephone: (214) 922-7143
11 Tel:  (415) 882-8200                              Facsimile: (214) 922-7101
12 Fax:  (415) 882-8220
                                                          Edward J. Mayle (admitted *pro hac vice*)
13 Patrick J. McElhinny, *pro hac vice*             *tmayle@kilpatricktownsend.com*
   patrick.mcelhinny@klgates.com               1400 Wewatta St., Suite 600
14 Mark G. Knedeisen, *pro hac vice*              Denver, CO 80202
   mark.knedeisen@klgates.com                  Telephone: (303) 571-4000
15 Christopher M. Verdini, *pro hac vice*          Facsimile: (303) 571-4321
16 christopher.verdini@klgates.com
   Anna Shabalov, *pro hac vice*                   April E. Isaacson (SBN 180638)
17 anna.shabalov@klgates.com                   *aisaacson@kilpatricktownsend.com*
   K&L GATES LLP                                      Two Embarcadero Center, Suite 1900
18 K&L Gates Center                                  San Francisco, CA 94111
19 210 Sixth Avenue                                  Telephone: (415) 576-0200
   Pittsburgh, Pennsylvania 15222                Facsimile: (415) 576-0300
20 (412) 355-6500
                                                          *Attorneys for Defendants*
21 Theodore J. Angelis, *pro hac vice*
22 theo.angelis@klgates.com
   K&L GATES LLP
23 925 Fourth Avenue, Suite 2900
   Seattle, WA 98104
24 (206) 623-7580

25 *Counsel for Plaintiff*
26 *Regents of the University of Minnesota*

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on May 16, 2023.

*/s/ Jas Dhillon*

**CERTIFICATION PURSUANT TO CIV. L. R. 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby certify that concurrence in the filing of this document has been obtained from the signatories for whom a signature is indicated by a conformed signature (/s/).  I have on file records to support this concurrence for production for the Court if so ordered.

Dated:  May 16, 2023           */s/ Jas Dhillon*

AMENDED JOINT CLAIM CONSTRUCTION AND PREHEARING
STATEMENT UNDER PATENT L.R. 4-3                    CASE NO. 3:18-CV-00821-EJD-NMC