UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA ("UMN"),<br><br>Plaintiff,<br><br>v.<br><br>LSI CORP., and others ("LSI"), | Case No. 18-cv-0821 EJD (NC)<br><br>**ORDER ON DISCOVERY DISPUTE**<br><br>Re: ECF 267 |

The parties in this patent infringement action present a joint discovery letter brief with four issues. ECF 267. On all four issues, plaintiff UMN seeks to compel production of discovery from defendant LSI. This order resolves the disputes and vacates the November 1 hearing. No fees or costs are awarded.

First, UMN moves to compel LSI to produce deposition transcripts and exhibits and documents produced by LSI in a companion case in this District, *Carnegie Mellon Univ. v. LSI Corp., et. al.*, Case No. 18-cv-04571-JD (N.D. Cal.). As UMN concedes, that case involves the same product, but different technology and different inventions in the product. The Court is not persuaded that the information sought is relevant and proportional to the needs of the case under Rule 26. While it would be logistically "easy" for the production because UMN's counsel already possesses it from the other case, easy does not make it necessary. The Court sustains the objection asserted by LSI and denies UMN's motion.

Second, UMN moves to compel LSI's license agreements and testimony from LSI's former Vice President of Intellectual Property Licensing, Warren Waskiewicz. Waskiewicz will be deposed. The Court agrees with LSI that the "offensive licensing" information sought from Waskiewicz is not relevant and proportional to the needs of the case under Rule 26. These licenses are not probative of *Georgia-Pacific* factors. The Court denies UMN's motion.

Third, UMN moves to compel deposition testimony from LSI under Rule 30(b)(6) as to proposed topic No. 7, its "knowledge of Moon's 1996 IEEE Paper, including when and how each Defendant became aware of Moon's 1996 IEEE Paper and all actions taken or considered by each Defendant in response to its knowledge of Moon's 1996 IEEE Paper." The Court is not persuaded that the Paper is relevant. As LSI argues, the '601 patent did not issue until 1999, which was three years after the Moon 1996 IEEE Paper. As such, LSI's alleged knowledge of the Moon 1996 IEEE Paper is irrelevant to the issues of willful infringement and knowledge of the '601 patent. The Court denies UMN's motion.

Fourth, UMN moves to compel the production of emails from LSI 30(b)(6) designee witness Ryan Phillips. Additional custodians may be requested only upon "showing a distinct need based on the size, complexity, and issues of this specific case." Dkt. No. 104, ¶ 14. UMN has not met this showing for additional custodian discovery. The Court therefore denies UMN's motion.

In conclusion, the Court denies UMN's motion to compel discovery on four different issues.

**IT IS SO ORDERED.**

Dated: October 30, 2023

_____
NATHANAEL M. COUSINS
United States Magistrate Judge