Edward P. Sangster (SBN 121041)
ed.sangster@klgates.com
Jas Dhillon (SBN 252842)
jas.dhillon@klgates.com
**K&L Gates LLP**
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Tel: (415) 882-8200
Fax: (415) 882-8220

Patrick J. McElhinny *pro hac vice*
patrick.mcelhinny@klgates.com
Mark G. Knedeisen, *pro hac vice*
mark.knedeisen@klgates.com
Christopher M. Verdini, *pro hac vice*
christopher.verdini@klgates.com
Anna Shabalov, *pro hac vice*
anna.shabalov@klgates.com
Rachel E. Ellenberger, *pro hac vice*
rachel.ellenberger@klgates.com
**K&L Gates LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500

Theodore J. Angelis, *pro hac vice*
theo.angelis@klgates.com
**K&L Gates LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580

*Counsel for Plaintiff*
*Regents of the University of Minnesota*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>      Plaintiff,<br><br>vs.<br><br>LSI CORPORATION and AVAGO TECHNOLOGIES U.S. INC.,<br><br>      Defendants. | Case No.: 5:18-cv-00821-EJD-NMC<br><br>**PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

1

Pursuant to N.D.L.R. 72-2, Fed. R. Civ. P. 72(a), and 28 U.S.C. § 636(b)(1)(A), Plaintiff Regents of the University of Minnesota ("UMN") moves for relief from Magistrate Judge Cousins's October 30, 2023 Order on Discovery Dispute (Dkt. 279) ("Order").

## I. INTRODUCTION

UMN objects to the Order resolving four specific discovery disputes between the parties to this patent infringement case because (i) it applies the wrong legal standard and therefore is contrary to law; (ii) the material UMN seeks is relevant to claims and defenses in this case; and (iii) production imposes little or no burden on Defendants.  For the reasons explained below, UMN respectfully asks this Court to grant its motion and compel Defendants to produce:

(a) Deposition transcripts (with exhibits) and documents produced by the same defendants in a similar patent case brought by Plaintiffs' counsel in this case;

(b) Defendants' license agreements and prior testimony from Avago Techs. U.S. Inc.'s former Vice President of Intellectual Property Licensing, Warren Waskiewicz;

(c) 30(b)(6) testimony on UMN's deposition Topic No. 7; and

(d) Emails of Defendants' 30(b)(6) designee Ryan Phillips.

## II. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 10, 2023, the parties filed a joint discovery dispute letter to resolve four specific discovery disputes, outlined below.  Dkt. 267 (the "Joint Discovery Dispute Letter").

First, Defendants refuse to produce documents they produced in *Carnegie Mellon Univ. v. LSI Corp.*, No. 3-18-cv-04571-JD (N.D. Cal.) ("CMU Case") that refer to or reflect the development and operation of the accused technology in this case (i.e., MTR encoding) and the use, marketing and sale of the accused products in this case and (ii) the transcripts (including exhibits) of depositions of Defendants' current and/or former employees taken in the CMU Case, in which K&L Gates represents CMU.  The plaintiff universities in this case and the CMU Case **accuse many of the same products** of practicing their respective patented methods (though a different accused technology incorporated in those products) during the development and sales cycle of those products and assert similar damages theories based upon that development and sales cycle, including the activities undertaken to develop, test, and sell those products and the locations of those activities.

The testimony of witnesses in the CMU Case includes extensive descriptions of those activities and their location, which is why UMN seeks it in this case.

Second, Defendants refuse to produce licensing agreements where Defendants licensed their technology and/or patents to third parties and prior testimony on Defendants' licensing practices from Mr. Waskiewicz. UMN even offered to narrow its request specifically to identified license agreements and to limit its request for Mr. Waskiewicz's prior licensing testimony to two specifically-identified proceedings, but Defendants rejected this compromise.

Third, Defendants refuse to produce a witness to testify on Defendants' behalf regarding Defendants' knowledge of a 1996 IEEE Paper authored by Dr. Jaekyun Moon (an inventor on the patent UMN asserts here) describing the patented technology.

Fourth, Defendants refuse to search for and produce responsive emails of Mr. Ryan Phillips, whom Defendants designated as a 30(b)(6) witness. Defendants object that UMN's request for Mr. Phillips's emails exceeds the number of custodians from whom a party may seek email production; he would be only the sixth such custodian whose emails would be produced.

The Order denies all four of UMN's discovery requests, and UMN now timely moves this Court for relief from that Order.

### III.   ARGUMENT

#### a.   Legal Standard

Parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "[T]he deposition-discovery rules are to be accorded a broad and liberal treatment. . . . Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

An order by a magistrate judge on nondispositive pretrial matters may be modified or set aside if it is "clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)(A). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions," and "[a] decision is

'contrary to law' when it applies an incorrect legal standard or fails to consider all the elements of an applicable standard." *Bush v. Cardtronics Inc.*, 2019 WL 1993792, at *1 (N.D. Cal. May 6, 2019).

### b. The Order Applies an Incorrect Legal Standard

The Order is contrary to law because, at least in part, it applied a standard for discoverability that is much narrower than the correct standard set forth in Rule 26(b)(1). In denying UMN's request for the materials from the CMU Case, the Order finds that the material UMN seeks is not discoverable under Rule 26 because it is not **"*necessary.*"** Dkt. 279, at 1 (emphasis added). Under Rule 26, however, the standard for discoverability is *relevancy*—a much broader standard than "necessary." This Court should set aside this portion of the Order as contrary to law.

### c. The Material Sought Is Relevant and Discoverable

*Deposition Transcripts and Exhibits and Documents Produced by Defendants in CMU Case*

The material UMN seeks from the CMU Case is relevant to show the activities undertaken to develop, test, and sell the accused products in this case and the locations of those activities, which will reveal when and where Defendants use the patented methods and sell the accused products. That information bears directly on infringement and damages. *Carnegie Mellon Univ. v. Marvell Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015) (location of Defendants' activities is relevant to "identifying the conduct that will be deemed infringing but also to assessing the damages that are to be imposed for domestic liability-creating conduct"). Though the inventions claimed in the patents-in-suit in this case and in the CMU Case differ, Defendants have incorporated those inventions into products that are accused in both cases. The prior deposition testimony UMN seeks of Defendants' current and former employees about the development, testing, marketing, and sale of those accused products, therefore, is relevant to and discoverable in this case, just as it was in the CMU Case.

*Defendants' Licensing Material and Prior Testimony from Mr. Warren Waskiewicz*

UMN's requests for Defendants' license agreements and prior testimony from Mr. Waskiewicz also seek relevant information. The Order concludes this material is not relevant because it is "not probative of *Georgia-Pacific* factors," Dkt. 279, at 2, but this finding is clearly erroneous. Whether this material ultimately is admissible to support UMN's damages contentions is not the proper legal standard; relevancy is. *See Barnes & Noble, Inc. v. LSI Corp.*, 2012 WL

4

1564734, at *5 (N.D. Cal. May 2, 2012) ("Should [Plaintiff] seek to enter into evidence any of Defendants' license agreements that are not for the patents-in-suit to establish a reasonable royalty, Defendants may challenge their admissibility at that time. For now, though, the court . . . is concerned with discoverability.").

The Order unduly narrows the focus of the *Georgia-Pacific* framework, which is to discern a patent's value. "The hypothetical negotiation tries, as best as possible, to recreate the *ex ante* licensing negotiation scenario" between the parties. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). How Defendants approach licensing negotiations—both for their own patents and third party patents—is relevant to determining Defendants' posture in the hypothetical negotiation. The same economic principles apply regardless of whether Defendants are licensing technology to or from others, including, for example, the form of the license and metrics to value technology. Defendants' own licensing behavior, therefore, is relevant to UMN's claim for a reasonable royalty based upon the hypothetical negotiation framework.

*30(b)(6) Testimony on Defendants' Knowledge of Dr. Jaekyun Moon's 1996 IEEE Paper*

The Order denies UMN's request for testimony as to Defendants' knowledge of Dr. Moon's 1996 IEEE paper because "the '601 Patent did not issue until 1999, which was three years after the Moon 1996 IEEE Paper" and therefore "[Defendants'] alleged knowledge of the Moon 1996 IEEE Paper is irrelevant to the issues of willful infringement and knowledge of the '601 patent." Dkt. 279, at 2. Evidence of copying, even if not specific to a patent, can be relevant to establish knowledge of a patent. *See, e.g.*, *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770–71 (2011) (infringer's "decision to copy an overseas model" of product is relevant to willful blindness analysis). Moreover, UMN accuses Defendants of infringement beginning in or around 2009 or 2010. Thus, Defendants' knowledge of the 1996 IEEE Paper at any time prior to the filing of this case certainly bears on, and is relevant to, infringement, which the Order does not address. If Defendants knew of and copied the 1996 IEEE Paper, that would be relevant to show both infringement and willfulness and therefore that knowledge is discoverable under Rule 26(b)(1).

5

*Emails of Mr. Ryan Phillips*

Neither Defendants nor the Order disputes that Mr. Phillips's emails may contain discoverable information. That is not surprising because Defendants not only represented that Mr. Phillips has discoverable information, but they also designated him to testify as a Rule 30(b)(6) corporate designee. *See, e.g.*, Dkt. 267, at 5; Dkt. 279, at 2. Mr. Phillips's responsive, nonprivileged emails plainly are relevant and discoverable.

### d. UMN's Requests Are Proportional to the Needs of the Case

The Order's failure to address the burdensomeness of UMN's requests further illustrates that the Order is contrary to law because it does not consider all the elements of the applicable Rule 26(b)(1) standard. For example, the Order explicitly acknowledges that "it would be logistically '*easy*'" for Defendants to produce the requested materials from the CMU Case because K&L Gates already possesses them. Dkt. 279, at 1 (emphasis added). The Order also does not address proportionality under Rule 26(b)(1) at all on UMN's narrow requests for Defendants' licensing agreements and prior testimony of Mr. Waskiewicz and for 30(b)(6) testimony on Dr. Moon's 1996 IEEE paper. Order, Dkt. 279, at 2. Neither request would burden Defendants, particularly in light of UMN's proposed compromise to narrow its licensing materials request to a specific list of licensing agreements and Mr. Waskiewicz's testimony from only two cases. *See* Dkt. 267, at 3.

Likewise, adding just one more custodian, Mr. Phillips, to the five permitted under the Case Management Order in this case will not unduly burden Defendants. Furthermore, the Order denies UMN's request for Mr. Phillips's emails because UMN has not shown "a distinct need based on the size, complexity, and issues of this specific case" for one additional custodian. Dkt. 279, at 2. That conclusion ignores the facts that this is a patent infringement case between sophisticated entities with millions at stake, and Defendants themselves identified Mr. Phillips as possessing discoverable information and even designated him as a corporate representative, as Defendants' longtime IP licensing counsel. UMN has a distinct need to discover his responsive, nonprivileged emails.

### IV. CONCLUSION

For the foregoing reasons, UMN respectfully requests the Court grant its Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge and enter the attached Proposed Order.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: November 13, 2023 | K&L GATES LLP |
| 3 | | |
| 4 | | */s/ Christopher M. Verdini* |
| | | Edward P. Sangster (SBN 121041) |
| 5 | | ed.sangster@klgates.com |
| | | Jas Dhillon (SBN 252842) |
| 6 | | jas.dhillon@klgates.com |
| | | **K&L Gates LLP** |
| 7 | | Four Embarcadero Center, Suite 1200 |
| | | San Francisco, California 94111 |
| 8 | | Tel: (415) 882-8200 |
| | | Fax: (415) 882-8220 |

Patrick J. McElhinny, *pro hac vice*
patrick.mcelhinny@klgates.com
Mark G. Knedeisen, *pro hac vice*
mark.knedeisen@klgates.com
Christopher M. Verdini, *pro hac vice*
christopher.verdini@klgates.com
Anna Shabalov, *pro hac vice*
anna.shabalov@klgates.com
Rachel E. Ellenberger, *pro hac vice*
rachel.ellenberger@klgates.com
**K&L Gates LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500

Theodore J. Angelis, *pro hac vice*
thoe.angelis@klgates.com
**K&L Gates LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580

*Counsel for Plaintiff*
*Regents of the University of Minnesota*

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2023, the forgoing **PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** was served via email on Defendants' counsel of record as follows:

KILPATRICK TOWNSEND & STOCKTON LLP
Kristopher L. Reed (SBN 235518)
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Email: kreed@kilpatricktownsend.com

Edward J. Mayle (admitted *pro hac vice*)
1400 Wewatta St., Suite 600
Denver, CO 80202
Email: tmayle@kilpatricktownsend.com

April E. Isaacson (SBN 180638)
Andrew W. Rinehart (admitted *pro hac vice*)
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Email: aisaacson@kilpatricktownsend.com

Kathleen R. Geyer (admitted *pro hac vice*)
1420 Fifth Ave., Ste. 3700
Seattle, WA 98101
Email: kgeyer@kilpatricktownsend.com

/s/ Christopher M. Verdini
Christopher M. Verdini