UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION, et al.,<br><br>Defendants. | Case No.  5:18-cv-00821-EJD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 287 |

On October 30, 2023, Magistrate Judge Cousins ("Magistrate Judge") issued an Order ("Prior Order") denying Plaintiff Regents of the University of Minnesota ("UMN")'s requests to compel production of discovery from Defendant LSI Corporation ("LSI").  Order on Discovery Dispute ("Prior Order"), ECF No. 279.  UMN now moves this Court to set aside the Magistrate Judge's Prior Order and grant its requests to compel.  Pl.'s Mot. for Relief from Mag. Judge Order ("Mot. for Relief"), ECF No. 287.

A district court may reconsider any pretrial matter referred to a magistrate judge when "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).  After carefully reviewing the Magistrate Judge's Prior Order and UMN's objections thereto, the Court finds that it is neither clearly erroneous nor contrary to law.

First, the Magistrate Judge did not commit clear error in determining that UMN's request for deposition transcripts and exhibits and other documents produced by LSI in a companion case, amounting to almost 50,000 documents and totaling nearly a million pages, was not relevant and proportional to the needs of the case.  Prior Order 1; Joint Discovery Dispute Letter, ECF No. 267.

Case No.: 5:18-cv-00821-EJD
ORDER DEN. MOT. FOR RELIEF FROM MAGISTRATE JUDGE ORDER

1

1    UMN argues that the Magistrate Judge applied the wrong legal standard.  Because the Magistrate
2    Judge noted in the Prior Order that production may be easy, but "easy does not make it necessary,"
3    UMN argues that the Magistrate Judge erroneously applied a standard of "necessity" rather than
4    "relevance."  Mot. for Relief 4; Prior Order 1.  However, UMN wholly ignores the sentence
5    immediately prior, where the Magistrate Judge states: "The Court is not persuaded that the
6    information sought is relevant and proportional to the needs of the case under Rule 26."  Prior
7    Order 1.  A plain reading of the Prior Order makes clear that the Magistrate Judge correctly
8    applied the Rule 26 relevancy standard.

9    Second, the Magistrate Judge did not commit a clear error in determining that UMN's
10   request for LSI's license agreements and testimony from Warren Waskiewicz was not relevant and
11   proportional to the needs of the case.  Prior Order 2.  UMN again argues that the Magistrate Judge
12   applied the wrong legal standard.  Because the Magistrate Judge indicated in his Prior Order that
13   the licenses were "not probative of *Georgia-Pacific* factors," UMN argues that the Magistrate
14   Judge incorrectly analyzed whether the material sought is admissible rather than whether it is
15   discoverable.  Mot. for Relief 4; Prior Order 2.  However, just like it did above, UMN wholly
16   ignores the sentence directly prior, where the Magistrate Judge states: "The Court agrees with LSI
17   that the "'offensive licensing' information sought from Waskiewicz is not relevant and
18   proportional to the needs of the case under Rule 26."  Prior Order 2.  Again here, a plain reading
19   of the Prior Order makes clear that the Magistrate Judge correctly applied the Rule 26 relevancy
20   standard.  Further, the Magistrate Judge's discussion of the *Georgia-Pacific* factors is clearly in
21   response to UMN's own arguments it presented in its discovery letter.  *See* Joint Discovery Letter
22   3.

23   Third, the Magistrate Judge did not commit a clear error in determining that Rule 30(b)(6)
24   testimony as to proposed topic No. 7 was not relevant.  Prior Order 2.  The Magistrate Judge
25   properly applied the correct legal standard to find that the information sought is irrelevant to the
26   issues of willful infringement and knowledge of the '601 patent.  *Id.*

27   Fourth, the Magistrate Judge did not commit a clear error in determining that UMN failed

Case No.: 5:18-cv-00821-EJD
ORDER DEN. MOT. FOR RELIEF FROM MAGISTRATE JUDGE ORDER
2

to meet its showing for additional custodian discovery for emails from LSI 30(b)(6) designee witness Ryan Phillips. *Id.* The Magistrate Judge properly applied the correct legal standard to find that UMN failed to show "a distinct need based on the size, complexity, and issues of this specific case." *Id.*

For the foregoing reasons, the Court **DENIES** UMN's motion for relief.

**IT IS SO ORDERED.**

Dated: November 21, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-00821-EJD
ORDER DEN. MOT. FOR RELIEF FROM MAGISTRATE JUDGE ORDER
3