Edward P. Sangster (SBN 121041)
ed.sangster@klgates.com
**K&L Gates LLP**
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Tel:  (415) 882-8200
Fax:  (415) 882-8220

Patrick J. McElhinny *pro hac vice*
patrick.mcelhinny@klgates.com
Mark G. Knedeisen, *pro hac vice*
mark.knedeisen@klgates.com
Christopher M. Verdini, *pro hac vice*
christopher.verdini@klgates.com
Anna Shabalov, *pro hac vice*
anna.shabalov@klgates.com
Rachel E. Ellenberger, *pro hac vice*
rachel.ellenberger@klgates.com
**K&L Gates LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania  15222
(412) 355-6500

Theodore J. Angelis, *pro hac vice*
theo.angelis@klgates.com
**K&L Gates LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
(206) 623-7580

*Counsel for Plaintiff*
*Regents of the University of Minnesota*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>                    Plaintiff,<br><br>vs.<br><br>LSI CORPORATION and AVAGO TECHNOLOGIES U.S. INC.,<br><br>                    Defendants. | Case No.: 5:18-cv-00821-EJD-NMC<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PROFESSOR McLAUGHLIN'S OPENING REPORT** |

# TABLE OF CONTENTS

**Page**

I.  Introduction ........................................................................................................... 1

II. Factual Background ............................................................................................... 2

    A.  The '601 Patent .............................................................................................. 2

    B.  Prof. McLaughlin's Expert Infringement Report ......................................... 3

    C.  UMN's Infringement Contentions ................................................................ 6

    D.  Claim Construction ...................................................................................... 8

    E.  LSI's Motion to Strike ................................................................................ 10

III. Applicable Legal Principles ............................................................................... 11

IV. Argument ............................................................................................................ 12

    A.  Prof. McLaughlin's Infringement Report Does Not Assert a New Theory of
Infringement ................................................................................................ 12

    B.  Prof. McLaughlin Did Not Apply a Special Definition of "Recorded
Waveform" .................................................................................................. 15

        1.  Prof. McLaughlin Applied the Plain and Ordinary Meaning of
"Recorded Waveform" .................................................................... 15

        2.  Prof. McLaughlin's Infringement Theories are Consistent with LSI's
Claim Construction Positions ......................................................... 18

        3.  LSI Mischaracterized Prof. McLaughlin's Testimony ................... 20

    C.  Striking Portions of Prof. McLaughlin's Report Would Make Trial Less Fair ......... 21

V.  Conclusion .......................................................................................................... 23

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*ACTV, Inc. v. Walt Disney Co.*,
5    346 F.3d 1082 (Fed. Cir. 2003).................................................................15

6

*Allvoice Devs. US, LLC v. Microsoft Corp.*,
    612 F. App'x 1009 (Fed. Cir. 2015) .........................................................15
7

*Am. River Nutrition, LLC v. Beijing Gingko Grp. Bio. Tech. Co.*,
8    No. 8:18-cv-02201-FLA, 2021 WL 8742302 (C.D. Cal. Dec. 14, 2021)..........................14, 15

9

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*,
10    314 F.3d 1313 (Fed. Cir. 2003)................................................................18

11

*Apple Inc. v. Motorola, Inc.*,
    No. 1:11-cv-08540, Dkt. 900 (N.D. Ill. 2012) .........................................3
12

*Apple Inc. v. Samsung Elecs. Co.*,
13    No. 5:12-cv-0630-LHK-PSG, 2014 WL 12917334 (N.D. Cal. Jan. 9, 2014) .......................22

14

*Apple Inc. v. Samsung Elecs. Co.*,
15    No. C 11-1846-LHK-PSG, 2012 WL 2499929 (N.D. Cal. June 27, 2012)......................12, 21

16

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
    986 F.Supp.2d 574 (W.D. Pa. 2013) ........................................................4
17

*Digital Reg of Tex., LLC v. Adobe Sys. Inc.*,
18    No. CV 12-01971-CW, 2014 WL 1653131 (N.D. Cal. Apr. 24, 2014)......................11, 12

19

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
20    No. 13-CV-03999-BLF, 2015 WL 3640694 (N.D. Cal. June 11, 2015) ....................11, 21

21

*Finjan, Inc. v. Symantec, Corp.*,
    No. 14-cv-02998-HSG, 2018 WL 620169 (N.D. Cal. Jan. 30, 2018) ....................11
22

*Fujifilm Corp. v. Motorola Mobility LLC*,
23    No. 12-cv-03587-WHO, 2015 WL 757575 (N.D. Cal. Feb. 20, 2015) ...................21

24

*Gillette Co. v. Energizing Holdings, Inc.*,
25    405 F.3d 1367 (Fed. Cir. 2005)................................................................17

26

*Howmedica Osteonics Corp. v. Zimmer, Inc.*,
    822 F.3d 1312 (Fed. Cir. 2016)................................................................14, 15

27

28

ii

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE PORTIONS OF PROF. McLAUGHLIN'S OPENING REPORT

CASE NO. 5:18-CV-00821-EJD-NMC

*Illumina, Inc. v. BGI Genomics Co.*,
    559 F.Supp.3d 1072 (N.D. Cal. 2021) ...................................................21

*Invitrogen Corp. v. Biocrest Mfg., L.P.*,
    327 F.3d 1364 (Fed. Cir. 2003) ...........................................................17

*Lexicon Med., LLC v. Northgate Techs., Inc.*,
    641 F.3d 1352 (Fed. Cir. 2011)............................................................16

*LSI Corp. v. Regents of the Univ. of Minnesota*,
    43 F.4th 1349 (Fed. Cir. 2022) ..............................................................3

*Oracle Am., Inc. v. Google Inc.*,
    No. C 10-03561-WHA, 2011 WL 4479305 (N.D. Cal. Sept. 26, 2011) ..........................11, 12

*Phigenix, Inc. v. Genentech, Inc.*,
    783 Fed. App'x 1014 (Fed. Cir. 2019)....................................................14

*Simpson Strong-Tie Co. v. Oz-Post Int'l LLC*,
    411 F.Supp.3d 975 (N.D. Cal. 2019) .......................................................22

*Smart Wear Techs. Inc. v. Fitbit Inc.*,
    No. 17-cv-05068-VC, 2018 WL 659013 (N.D. Cal. 2018) ...................................15

*Sonos, Inc. v. Google LLC*,
    No. C-20-06754-WHA, 2023 WL 2918751 (N.D. Cal. Apr. 12, 2023) .................2, 11, 12, 23

*Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*,
    32 F.4th 1161 (Fed. Cir. 2022) ...........................................................17

*Taction Tech., Inc. v. Apple Inc.*,
    686 F. Supp. 3d 995 (S.D. Cal. 2023)..................................................14, 15

*Treehouse Avatar LLC v. Valve Corp.*,
    54 F.4th 709 (Fed. Cir. 2022) .........................................................19, 20

*Verinata Health, Inc. v. Sequenom, Inc.*,
    No. 12-CV-00865-SI, 2014 WL 4100638 (N.D. Cal. Aug. 20, 2014) ..........................21

*Wasica Finance GmbH v. Cont'l Auto. Sys., Inc.*,
    853 F.3d 1272 (Fed. Cir. 2017)............................................................16

**Other Authorities**

Fed. R. Evid. 702 ...............................................................................1

N.D. Cal. Patent L.R. 3-1, 3-3 .................................................................11

iii

Plaintiff Regents of the University of Minnesota ("UMN") files this Opposition to Defendants' Motion to Strike Portions of Prof. McLaughlin's Opening Report ("Mot."). Dkt. 311.

## I.    INTRODUCTION

On the due date for filing summary judgment and *Daubert* motions, Defendants LSI Corporation and Avago Technologies U.S. Inc. (collectively, "LSI") did not move under Rule 702 of the Federal Rules of Evidence/*Daubert* to limit any aspect of Prof. McLaughlin's opening report on infringement or rebuttal report responding to LSI's ill-founded invalidity defenses. Instead, LSI moved to strike unspecified "portions" of Prof. McLaughlin's opening expert report, which sets forth his opinions that LSI has infringed UMN's patent. By making this strategic choice, LSI effectively concedes that Prof. McLaughin's qualifications and methodologies satisfy Rule 702. Through its untimely motion to strike, LSI nonetheless seeks to prevent Prof. McLaughlin from testifying regarding UMN's infringement theory, even though LSI not only deposed Prof. McLaughlin on the opinions that it now moves to strike, but also had their own expert address those opinions in his own report and in his deposition. This Court should reject LSI's last-ditch procedural ploy to escape an infringement finding, in the complete absence of any prejudice to LSI, for the following reasons.

***First***, Prof. McLaughlin does not set forth a new theory of infringement in his expert report. To the contrary, Dr. McLaughlin's opinions are on all fours with the infringement contentions UMN served in January 2018. In trying to conjure up support for its "new infringement theory" argument, LSI ignores the relevant infringement contentions that apply to the Asserted Claims.

***Second***, in opining on infringement, Prof. McLaughlin applied the plain and ordinary meaning of the claim term "recorded waveform," not some special definition as LSI contends. Prof. McLaughlin described under oath how his application of the term comports with its plain and ordinary meaning in the context of the Asserted Claims. Indeed, LSI's own claim construction positions throughout this case confirm that Prof. McLaughlin's opinions are based upon the plain

and ordinary meaning of the term.

**Finally**, LSI has not even identified – let alone applied – the relevant legal standard for its motion to strike, because that standard demands denial of the motion. The standard for striking an expert report for relying on an infringement theory not previously disclosed in the infringement contentions turns in significant part on whether granting the motion would render the litigation more or less fair. *See Sonos, Inc. v. Google LLC*, No. C-20-06754-WHA, 2023 WL 2918751, at *2 (N.D. Cal. Apr. 12, 2023). LSI does not bother to claim that granting its motion, which is essentially one for summary judgment of non-infringement, would make this litigation more fair. In fact, LSI scrupulously ignores that requirement because it cannot meet it. Even if the challenged infringement theory were new (and it plainly is not), LSI deposed Prof. McLaughlin about it and addressed it in its own expert's report. LSI will not be prejudiced in any way should its motion be denied.

## II.    FACTUAL BACKGROUND

### A.    The '601 Patent

The '601 Patent (Dkt. 240-1) pertains to digital storage systems where data are recorded to a recording medium using a recording format in which transitions are used to represent the binary data. Dkt. 263 at 1-2. The '601 Patent teaches encoding datawords into codewords so that, when codewords are joined together in a string to be recorded, so-called "j" and "k" constraints are satisfied, where j is the maximum number of consecutive transitions and k is the maximum number of non-transitions. *Id.*

During claim construction, the parties agreed that the term "recorded waveform" should be accorded its "plain and ordinary meaning." Dkt. 240 at 2. The parties disputed the construction of the term "encoded waveform" and the Court subsequently construed it to mean "the recorded waveform." Dkt. 263 at 14.

Prior to the Court's claim construction, the Patent Trial and Appeal Board (PTAB) instituted

and resolved LSI's *inter partes* review (IPR) request for the '601 Patent. In the IPR, neither party sought a special definition for "recoded waveform" and the PTAB did not impose one. Dkt. 240-2 at 10; UMN Ex. 4 at 17 (LSI stating "no express construction of any additional term is believed to be needed to resolve the challenges herein").[1] The PTAB canceled Claim 13 and upheld Asserted Claims 14 and 17. *See* Dkt. 240-2 at 2.[2] The Federal Circuit affirmed. *See LSI Corp. v. Regents of the Univ. of Minnesota*, 43 F.4th 1349 (Fed. Cir. 2022).

### B.    Prof. McLaughlin's Expert Infringement Report

Prof. McLaughlin is the Provost and Executive Vice President for Academic Affairs at the Georgia Institute of Technology ("Georgia Tech"), which is consistently ranked among the country's top 10 engineering institutions and has a reputation as a global leader and innovator. LSI Ex. 3 ("McLaughlin Op. Rpt.") at ¶ 2.1. Prof. McLaughlin is an expert in communications and information theory and has been a faculty member at Georgia Tech since 1996, having served at various times as dean of the College of Engineering, chair of the Electrical and Computer Engineering School, and vice provost of International Initiatives. *Id.* at ¶¶ 2.2-2.4. He has published more than 250 papers, many dealing with coding techniques and data storage. *Id.* at ¶ 2.4.[3]

---

[1] "UMN Ex. __" refers to exhibits attached to the Declaration of Christopher M. Verdini in Support of UMN's Brief in Opposition to Defendants' Motion to Strike Portions of Prof. McLaughlin's Opening Report, filed herewith. "LSI Ex. __" refers to the exhibits filed with LSI's Motion at Dkt. 311.

[2] Claim 13 did not impose an upper limit on j. '601 Patent at col. 10. The Asserted Claims impose a lower limit of two (2) on j and an upper limit of less than ten (10). *Id*.

[3] Given his administrative and academic burdens, Prof. McLaughlin does not often participate as an expert in patent matters. *See* McLaughlin Op. Rpt. at ¶ 2.7. In light of his credentials, however, Judge Posner appointed Prof. McLaughlin as a neutral expert in a high-profile patent matter. *See Apple Inc. v. Motorola, Inc.*, No. 1:11-cv-08540, Dkt. 900 (N.D. Ill. 2012). In one of the few

3

1    In this matter, Prof. McLaughlin authored expert reports on infringement and validity in

2 support of UMN's claims.  LSI's motion to strike implicates only his infringement report.  In that

3 report, Prof. McLaughlin opines that LSI infringes the '601 Patent when it and its customers use

4 LSI's simulators and read channels (collectively, the "Accused Products") in the United States with

5 LSI's ████████████████████████.  McLaughlin Op. Rpt. at ¶¶ 4.2-4.3.  Relying on LSI's

6 internal technical documents, product specifications, and testimony from LSI's engineers, Prof.

7 McLaughlin identifies and details in his report how the functionality of the Accused Products satisfy

8 each claim element of the Asserted Claims.

9    Using Fig. A below as illustrative of the functionality of the Accused Products, Prof.

10 McLaughlin starts his analysis with the ████████████████████

11 ████████████████████████████████████████

12 ████████████████████████  █████████████████████

13 ██████████████████████████████████████████████████

14 ████████████████████████████████████████████████

15 ██████████████████████████████████████████

16 ████████████████████████████████████████████████

17 ████████████████████████████████████████████

18

19

20 _____

21 instances where Prof. McLaughlin testified at trial (a patent case involving multiple technical experts

22 and a billion dollar verdict), the judge credited Prof. McLaughlin as being "by far the best of the

23 technical witnesses."  *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 986 F.Supp.2d 574, 620

24 n.67 (W.D. Pa. 2013).

25 [4] In the ████████████████████████████.  *See* McLaughlin Op. Rpt. at ¶ 6.79.  ████

26 ████████████████████████████████████.  *Id.* at ¶ 6.38.

27 [5] Prof. McLaughlin's report includes an in-depth explanation of ██████████.  McLaughlin Op.

28 Rpt. at ¶¶ 6.155-6.163.

1    ████████████████████████████████ Specifically, in Fig. A, ████████

2    ████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████

4    ████████████████████████████████████████████████. *Id.* at

5    ¶ 6.79.

6    

**Fig. A**

17

18    ████████████████████████████████████████████████████

19    ████████████████████████. *Id.* at ¶¶ 6.79, 8.14.  LSI cannot dispute this

20    point as its technical expert conceded:

21

22         Q:    ████████████████████████████████

     ████████

23         A:    No, it doesn't.

24    UMN Ex. 3 at 125.

25         In his report, Prof. McLaughlin identifies the plain and ordinary definition of "recorded

26    waveform"—a continuous time signal recorded to a medium that encodes a sequence of n-bit

27    codewords.  McLaughlin Op. Rpt. at ¶¶ 8.11-8.13.  Applying that plain and ordinary meaning, Prof.

28

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE PORTIONS OF PROF. McLAUGHLIN'S OPENING REPORT

CASE NO. 5:18-CV-00821-EJD-NMC

1   McLaughlin opines that ███████████████████████████████████████████████

2   ███████████████████████████. *Id.* at ¶¶ 6.75-6.83.  Specifically, Prof. McLaughlin explains

3   that ███████████████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████████████

6

7   ████████████████████████████████████████████████████████████████████████

8   *Id.* at ¶¶ 6.75-6.83, 8.9-8.13.  In responding to LSI's non-infringement theories, Prof. McLaughlin

9   explains why ████████████████████████████████████████████████████

10  ███████████████████████████████████████████:

11      • ███████████████████████████████████████████████████

12        ██████████████████████████████████████████████████████

13        ████████████████████████████████████████████████████████

14        ██████████████████████████████████████████████████████████

15        ██████████████████████████████████████████████████████

16        ████████████████████████████████████████████████████████████

17        ███████████████████████████████████████████████

18        ████████████████████

19

20      • ████████████████████████████████████████████████████████████████

21        █████████████████████████████████████████████████

22        ██████████████████████████████████████████████

23        ██████████████████████████████████████████████████████

24        ████████████████████████████████████████████

25  **C.    UMN's Infringement Contentions**

26      UMN served its initial infringement contentions on December 11, 2017.  LSI Ex. 4.  Shortly

27  after LSI provided UMN with additional technical information and documentation, UMN served

28

6

supplemental infringement contentions on January 3, 2018.  LSI Ex. 1 ("UMN Supp. Cont.").  LSI

moved to strike UMN's supplemental contentions on the bases that (i) UMN failed to seek leave to

file the supplemental contentions, (ii) UMN did not act diligently in supplementing its contentions,

and (iii) LSI was thereby prejudiced.  Dkt. 131 at 7; Dkt. 198 at 3-7; LSI Ex. 5 at 29-30.  Magistrate

Judge Cousins denied LSI's motion to strike the supplemental contentions on November 17, 2023

(after the IPR was resolved and the stay in this case was lifted).  Dkt. 288.   At no time did LSI move

to compel more specific infringement contentions, even though it had the opportunity to do so.  *See*

Dkt. 228 (post-stay Patent Scheduling Order allowing the parties to file "supplemental briefing to

address the effect, if any, the IPR proceedings had on such [then] undecided motions"); Dkt. 231

(LSI re-noticing hearing on motion to strike UMN's supplemental contentions).  LSI likewise chose

not to propound discovery on UMN's infringement theories, despite having ample opportunity to do

so.

In its supplemental infringement contentions, UMN identified multiple ways in which the

Asserted Claims read on ████████████████, including ██████████████████████

███████████, UMN asserted that for Claim 13, which had no upper limit on the "j" constraint:

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████

UMN Supp. Cont. at Ex. A, p. 11.

For Claim 14, which depends from and incorporates Claim 13, UMN also specifically

identified ███████████████ as infringing when ████████████████ as follows:

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

1    *Id.* at Ex. A, p. 12.[6]

2           Under both scenarios, UMN's supplemental infringement contentions and Prof.

3    McLaughlin's analysis in his report are consistent in that ████████████████████

4    ██████████████████████████████████████████████████████████

5    ██████████████████████████████████████████████████████████

6    ██████████████████████████████████████████████████████████

7    ██████████████████████████████████████████████████████████

8    ██████████████████████████████████████████████████████████

9    ██████████████████████████████████████████████████████████

10   ████████████████████████████████.  McLaughlin Op. Rpt. at ¶¶ 6.75-6.83;

11   UMN Supp. Cont. at Ex. A, pp. 11-12.

12          UMN's supplemental contentions further explained that ████████████

13   ██████████████████████████████████████████████████████████

14   ██████████████████████████████████████████████████████████

15   ██████████████████████████████████████████████████████████

16   ████████████████████████████████.  McLaughlin Op. Rpt. at

17   ¶¶ 6.75-6.76.[7]

18          LSI fails to address any of these portions of UMN's supplemental contentions in its Motion.

19       **D.**    <u>**Claim Construction**</u>

20          During claim construction, UMN initially proposed that "recorded waveform" should be

21

22   ─────────────────────

23   [6] Asserted Claim 17 depends from Claim 14 (*see* '601 Patent at col. 11), so the contentions for Claim

24   14 in this regard apply to Claim 17 as well.

25   [7] Fig. A itself appears in Prof. McLaughlin's report but does not appear in UMN's original or

26   supplemental infringement contentions because LSI did not produce the document containing Fig. A

27   until July 19, 2023, more than five years after UMN's initial infringement contentions were due on

28   December 11, 2017.  Dkt. 77 at 16.

construed as "a waveform recorded to a magnetic recording medium."  UMN Ex. 1 at Ex. A, p.1.

LSI proposed that the term should be construed as "the sequences of n-bit codewords that are

recorded by an analog signal, resulting in symbols/patterns in a medium."  UMN Ex. 2 at 6.  Both

constructions describe ███████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████  *See* McLaughlin Op. Rpt. at ¶¶ 6.75-6.83, 8.11-8.14; *see also* Dkt.

240-4 at ¶ 63 (Prof. McLaughlin's claim construction declaration explaining that "symbols" are 0 or

1 corresponding to binary data).  Moreover, under LSI's proposed construction, ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████  Before the claim construction hearing, the

parties agreed that "recorded waveform" should be accorded its plain and ordinary meaning.  Dkt.

240 at 2.

The parties, however, still disputed the construction of "encoded waveform."  LSI asserted

that "encoded waveform" should mean "the produced sequence of n-bit codewords" and argued in

its brief that the "waveform" is the "n-bit codewords [that] are concatenated to produce a binary

sequence" that is ultimately recorded.  Dkt. 247 at 8-9.  LSI's description of the relevant waveform

that is recorded captures ██████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

9

### E.    LSI's Motion to Strike

LSI now seeks to strike unspecified portions of Prof. McLaughlin's opening report based on its claim that Prof. McLaughlin supposedly introduced a new infringement theory in the report by ██████████████████████ from the construction of "recorded waveform."  Mot. at 11.  In so arguing, LSI ignores UMN's supplemental infringement contentions quoted above, wherein UMN explicitly asserted that use of ██████████████ performs the methods of the Asserted Claims even if ██████████████████████████████

██████████████████████████████████

████████████████████████████████████

██████████████. UMN Supp. Cont. at Ex. A at p. 11.  UMN also contended, as it does now, that

████████████████████████████████

██████████.  *Id.* at Ex. A at 4.  LSI cannot dispute that UMN's supplemental infringement contentions set forth infringement where ████████████████████████

████████████████████████████████████

████████████████████████████████

████████.  LSI further ignores that when demonstrating infringement of Claim 14, UMN specifically asserted that ████████████████████████████

████████████████████████████████

████████████████████.  *Id.* at Ex. A, p. 12.

LSI likewise ignores the claim construction proceedings, including that LSI's initial proposed construction for "recorded waveform" and its arguments in support of the "encoded waveform" construction, which did not mention or address ██████████ (*see* UMN Ex. 2 at 6; Dkt. 204 at Ex. B, p.3), even though LSI now accuses Prof. McLaughlin of using a construction of "recorded waveform" that arbitrarily ████████████████.  Mot. at 11:21.

10

1  Finally, LSI's motion fails to explain how, even if Prof. McLaughlin had espoused a "new"

2  infringement theory, LSI possibly could have been prejudiced when it had Prof. McLaughlin's expert

3  report since April 2024, served a rebuttal expert report from Dr. Koralek addressing Prof.

4  McLaughlin's infringement analysis, and deposed Prof. McLaughlin for a full day on July 26, 2024.

5  *See Sonos*, 2023 WL 2918751 at *4-5 (denying motion to strike expert report because moving party

6  "was not actually prejudiced" where its expert addressed the issue in his expert reports).[8]

7

8  ## III.    APPLICABLE LEGAL PRINCIPLES

9  This Court's patent local rules require parties to disclose infringement and invalidity

10 contentions early.  *See* Patent L.R. 3-1, 3-3.  Infringement contentions "must be sufficient to provide

11 reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving

12 infringement." *Finjan, Inc. v. Symantec, Corp.*, No. 14-cv-02998-HSG, 2018 WL 620169 at *2

13 (N.D. Cal. Jan. 30, 2018).  But the contentions "do not require perfect clarity, only reasonable notice

14 that is 'as specific as possible' given the information of which a plaintiff is aware." *Finjan, Inc. v.

15 Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 3640694, at *2 (N.D. Cal. June 11, 2015).  In

16 fact, "expert reports are expected to provide more information than is contained in infringement

17 contentions." *Digital Reg of Tex., LLC v. Adobe Sys. Inc.*, No. CV 12-01971-CW, 2014 WL

18 1653131, at *5 (N.D. Cal. Apr. 24, 2014).  As such, infringement contentions do "not require

19 identification of every evidentiary item of proof." *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561-

20 WHA, 2011 WL 4479305, at *3 (N.D. Cal. Sept. 26, 2011) (emphases omitted).

21 In determining whether to strike an expert's testimony based on an alleged failure to properly

22 disclose an infringement theory, the dispositive inquiry is "whether the expert has permissibly

23

24

25

26

_____

27 [8] LSI also fails to identify the specific portions of Prof. McLaughlin's opening report that it seeks to

28 strike.  Mot. at 3 (LSI's statement of the issues to be decided); Dkt. 312-7 (LSI's proposed order).

specified the application of a disclosed theory or impermissibly substituted a new theory altogether."

*Digital Reg*, 2014 WL 1653131, at *5. "When the line between permissible application of a

disclosed theory and impermissible substitution of a new theory blurs, the district court 'revert[s] to

a simple question: will striking the report result in not just a trial, but an overall litigation, that is

more fair, or less?'" *Sonos,* 2023 WL 2918751, at *2 (quoting *Apple Inc. v. Samsung Elecs. Co.*, No.

C 11-1846-LHK-PSG, 2012 WL 2499929, at *1 (N.D. Cal. June 27, 2012)).

LSI's motion does not even mention the applicable legal standard, let alone demonstrate that

LSI can satisfy it.  Applying it to the facts here shows that LSI's motion should be denied.

## IV.    ARGUMENT

### A.    Prof. McLaughlin's Infringement Report Does Not Assert a New Theory of Infringement

As this Court has recognized, "[i]n patent litigation, expert reports are expected to provide

more information than is contained in infringement contentions." *Digital Reg*, 2014 WL 1653131, at

*5; *Sonos*, 2023 WL 2918751 at *2.  For example, "expert reports may include information obtained

during discovery, including that provided by opposing parties" and can include additional allegations

regarding the infringement that are not present in infringement contentions, because a patentee "is

not required to prove its infringement case at the [infringement contention] stage." *Digital Reg*,

2014 WL 1653131, at *5; *see also Oracle*, 2011 WL 4479305, at *3.  That is precisely what

happened here.  UMN's supplemental infringement contentions—which LSI already unsuccessfully

moved to strike (*see* Dkt. 288)—specifically identified ███████████████ that UMN

contends infringes the Asserted Claims and explained how ███████████, practices the

methods of the Asserted Claims.  UMN Supp. Cont. at Ex. A, p. 12.  Prof. McLaughlin then

expanded in his expert report on how ███████████ infringes, including identifying

additional discovery from LSI produced after UMN's supplemental infringement contentions that

supports UMN's infringement claims and expounds on the theories of infringement set forth in

12

UMN's supplemental infringement contentions. *See e.g.*, McLaughlin Op. Rpt. at ¶¶ 4.2, 6.20-6.138, Appx. C.

UMN's supplemental contentions disclosed that the Asserted Claims read on ███████████. For example, UMN's supplemental contentions disclosed that ███████████████████████████████████████████████████████████████████████████████████████████████████████████. UMN Supp. Cont.at Ex. A, p. 11. UMN further disclosed in the supplemental contentions that ███████████████████████████████████████████████████████ *Id.* at Ex. A, p. 12 (quoted above).

These disclosures in the supplemental contentions—which LSI studiously ignores in its Motion—align perfectly with Prof. McLaughlin's report. Prof. McLaughlin opines that ███████████████████████████████████████████████████. McLaughlin Op. Rpt. at ¶¶ 6.75-6.84, 8.9-8.13. Consistent with UMN's supplemental infringement contentions, Prof. McLaughlin explains in his report and testimony ███████████████████████████████████████████████████████████. *Id.* at ¶¶ 6.75-6.84; LSI Ex. 2 ("McLaughlin Depo. Tr.") at 59:19-24 ████████████████████████ LSI fails to demonstrate in its Motion how Prof. McLaughlin's opinion is inconsistent with this portion of UMN's supplemental infringement contentions.

1    Again, consistent with UMN's supplemental infringement contentions that identify how the

2    ████████████████████████████, Prof. McLaughlin explains that the ████████████

3    ████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████

8    ████.  *See* McLaughlin Op. Rpt. at ¶¶ 6.79, 8.11.  LSI fails to demonstrate in its Motion how Prof.

9    McLaughlin's opinion is inconsistent with this portion of UMN's supplemental infringement

10   contentions.

11        Prof. McLaughlin's infringement opinions are not a new "substitute" for some other, now

12   discarded theory; they are perfectly aligned with the theories already disclosed in UMN's

13   supplemental infringement contentions, which UMN diligently supplemented, which identified the

14   accused ████████████████████ and clearly disclosed that UMN's theory applies even ████████

15

16   ████████████████████.  Accordingly, the cases that LSI relies upon at pp. 11-12 of its Motion are

17   inapposite.  In those cases, courts have stricken expert reports in egregious circumstances not present

18   here, such as (i) an expert asserting a doctrine of equivalents infringement theory that was never

19   identified in the patent owner's infringement contentions (*Howmedica Osteonics Corp. v. Zimmer,*

20   *Inc.*, 822 F.3d 1312, 1324-25 (Fed. Cir. 2016)); (ii) an expert adopting a "materially different"

21   infringement theory than the contentions (*Taction Tech., Inc. v. Apple Inc.*, 686 F. Supp. 3d 995, 1010

22   (S.D. Cal. 2023)); (iii) an expert asserting new claims and accusing new instrumentalities (*Am. River*

23   *Nutrition, LLC v. Beijing Gingko Grp. Bio. Tech. Co.*, No. 8:18-cv-02201-FLA, 2021 WL 8742302,

24   at *2 (C.D. Cal. Dec. 14, 2021)); and (iv) a patent owner revealing a narrowed infringement theory

25   for the first time in a deposition of its expert (*Phigenix, Inc. v. Genentech, Inc.*, 783 Fed. App'x

26

27

28

14

1014, 1015 (Fed. Cir. 2019)).[9]

### B.   Prof. McLaughlin Did Not Apply a Special Definition of "Recorded Waveform"

LSI accuses Prof. McLaughlin of departing from the plain and ordinary meaning of "recorded waveform" (Mot. at 8-10), but it specifies neither a definition nor a source for whatever it believes that ordinary meaning to be, other than to assert that a recorded waveform ███████ ██████. *Id.* at 11.  Contrary to LSI's assertions, Prof. McLaughlin thoroughly explained the plain and ordinary meaning of the term, applying his experience as a person of at least ordinary skill in the art in the context of the Asserted Claims.  Indeed, LSI's motion overlooks that Prof. McLaughlin's application of the plain and ordinary meaning is consistent with the construction LSI itself originally proposed for the term based on the intrinsic evidence.[10]  Instead, LSI resorts to mischaracterizing Prof. McLaughlin's testimony to support its flawed arguments.

#### 1.   Prof. McLaughlin Applied the Plain and Ordinary Meaning of "Recorded Waveform"

Far from applying a special meaning for "recorded waveform," Prof. McLaughlin's unequivocally applied the "plain and ordinary" meaning for the term.  He examined the meanings of "waveform" and "recorded" in isolation, and as a collective term informed by the context of the Asserted Claims, as the law requires.  *See ACTV, Inc. v. Walt Disney Co.*, 346 F.3d 1082, 1088 (Fed.

---

[9] Moreover, several of LSI's cited cases do not involve the patent local rules for the Northern District of California.  *See Allvoice Devs. US, LLC v. Microsoft Corp.*, 612 F. App'x 1009 (Fed. Cir. 2015); *Howmedica*, 822 F.3d 1312; *Taction Tech.*, 686 F. Supp. 3d 995; *Am. River Nutrition,* 2021 WL 8742302.  Others did not even involve a motion to strike an expert report.  *See Allvoice,* 612 F. App'x 1009; *Smart Wear Techs. Inc. v. Fitbit Inc.*, No. 17-cv-05068-VC, 2018 WL 659013 (N.D. Cal. 2018).

[10] Prof. McLaughlin's theories are also consistent with UMN's originally proposed construction for the term, as explained *infra.*

15

Cir. 2003) ("the context of the surrounding words of the claim also **must be considered in determining the ordinary and customary meaning** of those terms") (emphasis added); *Wasica Finance GmbH v. Cont'l Auto. Sys., Inc.*, 853 F.3d 1272, 1288 (Fed. Cir. 2017) (interpreting "bit sequence" within context of claim to encompass single-bit sequences); *Lexicon Med., LLC v. Northgate Techs., Inc.*, 641 F.3d 1352, 1356 (Fed. Cir. 2011) (ordinary and customary meaning of claim term "is not determined in a vacuum and should be harmonized, to the extent possible, with the intrinsic record …").

For example, at ¶ 8.11 of his report, Prof. McLaughlin explained that a "waveform" is a "continuous time signal."   And he explained how a waveform is "recorded," i.e., the waveform is "applied to the write head of the HDD, which records the write signal on the magnetic medium (i.e., disk) by magnetically polarizing the bit regions on the disk in accordance with the write signal waveform, which corresponds to the waveform recorded to the disk." *Id.*  Then, as the law requires, Prof. McLaughlin applied that plain and ordinary meaning in the context of the Asserted Claims, which specify that the "recorded waveform" is comprised of the n-bit codewords encoded from the m-bit datawords. *Id.* at ¶ 8.13; *see also* '601 Patent at col. 10, Claim 13 ("A method of encoding m-bit binary datawords into **n-bit codewords in a recorded waveform** …") (emphasis added).

Further, Prof. McLaughlin explained that because the Asserted Claims use the open-ended transition term "comprising," the methods of the Asserted Claims are performed even if , because performance of the steps of the Asserted Claims is completed (i.e., infringed)

███████████████████████████████████. McLaughlin Op. Rpt. at ¶¶ 8.13-8.15.  Prof.

McLaughlin's opinion adheres to the standard for construing claims with a transition term

"comprising" and a claim element introduced by the indefinite article "a," (*i.e.*, "a recorded

waveform" in the preamble of Claim 13, which is incorporated into the Asserted Claims by virtue of

their dependence from Claim 13).

In *Gillette Co. v. Energizing Holdings, Inc.*, 405 F.3d 1367 (Fed. Cir. 2005), the Federal

Circuit held that where the asserted patent recited a razor blade "comprising ... a group of first,

second, and third blades," the claims encompassed a razor with four blades because the open

transition term "comprising" with "a group of" three blades was satisfied even if there were

additional elements (i.e. a fourth blade) in the accused product.  405 F.3d at 1371-72.  The same

rules apply for method claims, such as the Asserted Claims.  *See e.g.*, *Invitrogen Corp. v. Biocrest

Mfg., L.P.*, 327 F.3d 1364, 1368 (Fed. Cir. 2003) ("The transition 'comprising' in a method claim

indicates that the claim is open-ended and allows for additional steps"); *Sunoco Partners Mktg. &

Terminals L.P. v. U.S. Venture, Inc.*, 32 F.4th 1161, 1177 (Fed. Cir. 2022) (method claim with

transition term "comprising" "may cover unclaimed elements").  Applying this well-established law

to the Asserted Claims, the Asserted Claims encompass the performance of additional steps, such as

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████  Thus, Prof. McLaughlin

did not apply a special definition for "recorded waveform," but instead thoroughly and faithfully

applied the plain and ordinary meaning of the term.

In fact, Prof. McLaughlin's application of the plain and ordinary meaning for "recorded

17

waveform" is so straightforward that LSI's expert, Dr. Koralek, acceded to it.  Dr. Koralek admitted

that "a recorded waveform is a waveform actually recorded onto a hard disk" (UMN Ex. 3 at 86:7-9)

and that ███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████ *Id.* at 131:12-

17.  While Dr. Koralek tried to soften his admission by claiming it was "hypoethcial[ly]" true, his

basis for that characterization was based on his erroneous view that Asserted Claims can only be

practiced if the ███████████████████████████████████████████████████████████████████

███████████████████████████████████████████ *Id.* at 122:14-123:10.  There is no basis in the

'601 Patent or the Court's claim construction for such an interpretation.  Dr. Koralek's testimony,

therefore, affirms UMN's infringement theory, including Prof. McLaughlin's application of the plain

and ordinary meaning of "recorded waveform."  LSI now tries to avoid Dr. Koralek's damaging

admissions by seeking to block Prof. McLaughlin's testimony through its untimely and unsupported

motion to strike.

> **2.    Prof. McLaughlin's Infringement Theories are Consistent with LSI's Claim Construction Positions**

Putting to rest any argument that Prof. McLaughlin applied a "new construction" of

"recorded waveform," the construction that Prof. McLaughlin applied is in fact consistent with LSI's

own claim construction positions.[11]  Before the parties agreed to a "plain and ordinary meaning" of

"recorded waveform," LSI proposed that the term should be construed as "the sequences of n-bit

---

[11] It should further be noted that LSI did not propose in the IPR that the "recorded waveform" had to

████████████████.  To the contrary, it asserted that "no express construction" for the term was

needed (UMN Ex. 4 at 17) and neither its petition (UMN Ex. 4) nor the PTAB's final written

decision (Dkt. 240-2) mention ████████.  *See, e.g.*, *Amgen Inc. v. Hoechst Marion Roussel, Inc.*,

314 F.3d 1313, 1330 (Fed. Cir. 2003) ("claims are construed the same way for both invalidity and

infringement").

18

1   codewords that are recorded by an analog signal, resulting in symbols/patterns in a medium."  UMN

2   Ex. 2 at 6; *see also* Dkt. 204 at Ex. B, p.3.  LSI relatedly explained that the "encoded waveform" is

3   the "n-bit codewords [that] are concatenated to produce a binary sequence" that is ultimately

4   recorded.  Dkt. 247 at 8-9.

5        Consistent with LSI's positions, Prof. McLaughlin explains that ███████████████████

6   ████████████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████████████

11  ███████████████████████████████████████████████████████████████████

12  ██████████████████████████████████████████████████████████

13  ████████

14        The sole case LSI relies upon in support of its assertion that Prof. McLaughlin's report

15  should be stricken for using a construction other than an agreed-to construction, *Treehouse Avatar*

16  *LLC v. Valve Corp.*, 54 F.4th 709 (Fed. Cir. 2022), is wholly inapposite.  *See* Mot. at 4.  In

17  *Treehouse*, the expert applied a "plain and ordinary meaning" for a term as to which the parties had

18  not agreed to a plain and ordinary meaning construction.  *Treehouse*, 54 F.4th at 712-15.  Instead, the

19  parties agreed to a construction for the term that the PTAB had adopted in a prior IPR, and the

20  expert's "plain and ordinary meaning" excluded a limitation that was in the agreed upon

_____

[12] Prof. McLaughlin's analysis is also consistent with UMN's proposed construction for "recorded waveform," which was "a waveform recorded to a magnetic recording medium."  UMN Ex. 1 at Ex. A, p.1; Dkt. 204-2 at 3.  As Prof. McLaughlin opined, █████████████████████████████ ████████████████████████████████████████  *See e.g.*, McLaughlin Op. Rpt. at ¶ 6.83.

19

construction.  *Id.*  No such circumstances exist here.  To the contrary, Prof. McLaughlin's opinion is consistent not only with the "plain and ordinary meaning" but also LSI's claim construction positions for "recorded waveform" and the related term "encoded waveform."

### 3.    LSI Mischaracterized Prof. McLaughlin's Testimony

In an attempt to buttress its flawed claim construction argument, LSI grossly mischaracterizes Prof. McLaughin's prior declaration and deposition testimony.  For example, LSI asserts in its Motion that "Prof. McLaughlin annotated Figure 8.1 from a textbook to make clear that ██████████████████████████████████████  Mot. at 6.  Not so.  Neither Figure 8.1 nor its accompanying text in Prof. McLaughlin's claim construction declaration mentions ████████.  *See* Dkt. 240-4 at ¶ 49.  Prof. McLaughlin simply used the figure to explain that a "waveform" is "a continuous signal that varies over time."  *Id.*

LSI also asserts that Prof. McLaughlin "acknowledged during his deposition" (i) that "under the plain and ordinary meaning of 'recorded waveform,' ████████████████████████████████ ███████████████████ (Mot. at 9:17-19 (emphasis added)) and (ii) that he was applying a new definition of 'recorded waveform' that differs from the plain and ordinary meaning in the field.  *Id*. at 10:1-3.  LSI relies on just snippets instead of Prof. McLaughlin's full responses because the full responses demonstrate that Prof. McLaughlin correctly distinguished ████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████

20

UMN Ex. 3 at 125.

LSI's mischaracterization of Prof. McLaughlin's testimony on the key issues does not withstand scrutiny and is yet another reason LSI's motion should be denied.

**C.**    **Striking Portions of Prof. McLaughlin's Report Would Make Trial Less Fair**

LSI completely ignores that the Court, in deciding a motion to strike an expert report for allegedly applying a new infringement theory, must consider whether granting the motion would result in a "fairer litigation." *See Apple,* 2012 WL 2499929, at *1 ("[W]ill striking the report result in not just a trial, but an overall litigation, that is more fair, or less?"); *Illumina, Inc. v. BGI Genomics Co.*, 559 F.Supp.3d 1072, 1083 (N.D. Cal. 2021) (court must "consider whether striking the expert report will result in fairer litigation").  LSI does not address that prong of the analysis because LSI cannot satisfy that standard.  Even if the Court determines that UMN's infringement contentions did not disclose with sufficient specificity the infringement theories reflected in Prof. McLaughlin's report, striking portions Prof. McLaughlin's report will not result in fairer litigation.

*First*, courts in this district consistently deny motions to strike expert reports for fairness reasons where the motion was filed after the close of discovery and/or where the moving party did not seek to compel amended contentions for more specifics about the theories at issue, instead waiting until after expert discovery to move to strike an expert report.  *See Blue Coat Sys.,* 2015 WL 3640694, at *5 (denying motion to strike infringement contentions where defendant failed to provide notice of alleged deficiencies in infringement contentions); *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-CV-00865-SI, 2014 WL 4100638, at *6 (N.D. Cal. Aug. 20, 2014) (denying motion to strike invalidity report for new obviousness theory where plaintiff did not compel amended invalidity contentions); *Illumina,* 559 F.Supp.3d at 1084 (denying motion to strike expert infringement report where "the proper recourse" would have been to compel amended infringement contentions, not to wait until after expert discovery to move to strike); *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-

21

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE PORTIONS OF PROF. McLAUGHLIN'S OPENING REPORT

CASE NO. 5:18-CV-00821-EJD-NMC

cv-03587-WHO, 2015 WL 757575, at *29 (N.D. Cal. Feb. 20, 2015) (denying motion to strike

invalidity report because "proper recourse" would have been for plaintiff to compel more specific

contentions on obviousness theories and striking the report would be a "windfall" for plaintiff and

"would be unfair" to defendant); *Simpson Strong-Tie Co. v. Oz-Post Int'l LLC*, 411 F.Supp.3d 975,

989-990 (N.D. Cal. 2019) (denying motion to strike expert invalidity report on anticipation based on

prior art reference, even where report relied on completely different theory for the reference, because

contentions "made clear" to plaintiff that defendant intended to use the reference to assert

anticipation); *Apple Inc. v. Samsung Elecs. Co.*, No. 5:12-cv-0630-LHK-PSG, 2014 WL 12917334,

at *1 (N.D. Cal. Jan. 9, 2014) ("Because the time for challenging the generality of the earlier

contention has passed, the present challenges are largely a matter of too little, too late.").

Here, if it had been truly confused by or uncertain of UMN's infringement theories, LSI's

"proper recourse," if any, would have been to compel, via motion or discovery, more specifics about

them. LSI never did that, instead waiting until after the close of fact discovery, and after the close of

expert discovery, to move to strike portions of Prof. McLaughlin's expert report. The Court even

previously invited LSI, during fact discovery, to address the effect of the IPR on its motion to strike

UMN's supplemental contentions (Dkt. 228). LSI declined the Court's invitation. Dkt. 231 (LSI re-

noticing hearing on motion to strike supplemental contentions, stating that that the motion "was fully

briefed and ripe for resolution by the Court" without further briefing). Consistent with the cases

cited above, these circumstances warrant denial of LSI's motion on fairness grounds alone.

**Second**, LSI had ample notice of Prof. McLaughlin's allegedly "new" infringement theory

and opportunities not only to examine him about it, but also to respond with its own expert. UMN

served Prof. McLaughin's opening report on April 20, 2024 and LSI deposed him on July 26, 2024.

In the deposition, LSI's counsel vigorously questioned Prof. McLauglin's plain and ordinary

meaning of "recorded waveform" in the context of the Asserted Claims. McLaughlin Depo. Tr. at

22

52-69, 90-100, 154-159.  Dr. Koralek directly addressed Prof. McLauglin's infringement theory in his rebuttal report, including Prof. McLaughlin's application of the plain and ordinary meaning of "recorded waveform."  UMN Ex. 5 at ¶¶ 12-17.  LSI's counsel even examined Dr. Koralek about his positions on this issue at Dr. Koralek's deposition.  UMN Ex. 3 at 213:11-216:13, 229:5-230:23. Given that LSI deposed Prof. McLaughlin about his allegedly "new" theory, and had its expert address that theory in both his rebuttal report and his deposition, LSI is not prejudiced by UMN's assertion of the theory.  *See Sonos*, 2023 WL 2918751, at *2 (finding Sonos was not prejudiced by Google's allegedly new invalidating prior art, because Sonos's expert discussed the allegedly new prior art in his expert reports).

## V.    CONCLUSION

For the foregoing reasons, UMN respectfully requests that this Court deny LSI's motion to strike portions of Prof. McLaughlin's opening report.

Dated: November 8, 2024                    K&L GATES LLP

*/s/ Christopher M. Verdini*
Edward P. Sangster (SBN 121041)
ed.sangster@klgates.com
**K&L Gates LLP**
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Tel:  (415) 882-8200
Fax:  (415) 882-8220

Patrick J. McElhinny, *pro hac vice*
patrick.mcelhinny@klgates.com
Mark G. Knedeisen, *pro hac vice*
mark.knedeisen@klgates.com
Christopher M. Verdini, *pro hac vice*
christopher.verdini@klgates.com
Anna Shabalov, *pro hac vice*
anna.shabalov@klgates.com
Rachel E. Ellenberger, *pro hac vice*
rachel.ellenberger@klgates.com
**K&L Gates LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania  15222
(412) 355-6500

Theodore J. Angelis, *pro hac vice*
thoe.angelis@klgates.com
**K&L Gates LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
(206) 623-7580

*Counsel for Plaintiff*
*Regents of the University of Minnesota*

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE PORTIONS OF PROF. McLAUGHLIN'S OPENING REPORT

CASE NO. 5:18-CV-00821-EJD-NMC

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record via the Court's ECF system on November 8, 2024.


/s/ Christopher M. Verdini
Christopher M. Verdini