| | |
|---|---|
| HOLLAND & KNIGHT LLP | KILPATRICK, TOWNSEND & STOCKTON LLP |
| Kristopher L. Reed (SBN 235518)<br>kris.reed@hklaw.com<br>One Arts Plaza, 1722 Routh St., Suite 1500<br>Dallas, TX 75201<br>Tel: (214) 627-1753 / Fax: (214) 964-9501 | April E. Isaacson (SBN 180638)<br>aisaacson@kilpatricktownsend.com<br>Two Embarcadero Center, Suite 1900<br>San Francisco, CA 94111<br>Tel: (415) 576-0200 / Fax: (415) 576-0300 |
| Kenneth S. Chang (SBN 211925)<br>ken.chang@hklaw.com<br>Edward J. Mayle (admitted *pro hac vice*)<br>edward.mayle@hklaw.com<br>1801 California St., Suite 5000<br>Denver, CO 80202<br>Tel: (303) 974-6653 / Fax: (303) 974-6659 | Kevin M. Bell (admitted *pro hac vice*)<br>kbell@ktslaw.com<br>1400 Wewatta St., Suite 600<br>Denver, CO 80202<br>Telephone: (303) 571-4000<br>Facsimile: (303) 571-4321 |
| Attorneys for Defendants | Andrew W. Rinehart (admitted *pro hac vice*)<br>arinehart@kilpatricktownsend.com<br>1001 West Fourth Street<br>Winston-Salem, NC 27101<br>Tel: (336) 607-7300 / Fax: (336) 607-7500 |
| | Kathleen R. Geyer (admitted *pro hac vice*)<br>kgeyer@kilpatricktownsend.com<br>1420 Fifth Ave., Ste. 3700<br>Seattle, WA 98101<br>Tel: (206) 467-9600 / Fax: (206) 623-6793 |
| | Attorneys for Defendants |

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION AND AVAGO TECHNOLOGIES U.S. INC.,<br><br>Defendants. | Civil Action No. 18-cv-00821-EJD<br><br>**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE ARGUMENT AND EVIDENCE THAT UMN "INVENTED MTR" OR THAT LSI IS LIABLE FOR INFRINGING CLAIM 13**<br><br>Date: March 6, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 4 – 5th Floor<br><br>Hon. Edward J. Davila |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND ................................................................................................2

III. ARGUMENT .........................................................................................................................5

    A. The Court Should Exclude UMN from Introducing Evidence or Argument that Prof. Moon and Dr. Brickner "Invented MTR" ...........................................................................................................................5

    B. The Court Should Exclude Argument that LSI's Alleged Practice of Claim 13 By Itself Triggers Any Form of Liability .........................7

IV. CONCLUSION ......................................................................................................................7

DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE ARGUMENT AND EVIDENCE THAT
UMN "INVENTED MTR" OR THAT LSI IS LIABLE FOR INFRINGING CLAIM 13
CASE NO. 18-CV-00821-EJD

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fellowes, Inc. v. Acco Brands Corp.*,
   No. 10-cv-7587, 2019 WL 1762910 (N.D. Ill. Apr. 2019) ...................................................... 6

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   721 F. 3d 1330 (Fed. Cir. 2013) ..................................................................................... 2, 5, 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) ................................................................................................................ 7

*Hydranautics v. FilmTex Corp.*,
   204 F.3d 880 (9th Cir. 2000) ................................................................................................. 6

*LSI Corp. v. Regents of the Univ. of Minnesota*,
   43 F.4th 1349 (Fed. Cir. 2022) ........................................................................................... 3, 5

*Luce v. United States*,
   469 U.S. 38 (1984) ................................................................................................................ 5

*XY, LLC v. Trans Ova Genetics*,
   890 F.3d 1282 (Fed. Cir. 2018) ............................................................................................. 6

**Statutes**

35 U.S.C. § 102 ............................................................................................................................. 1

**Other Authorities**

Fed. R. Evid. 401-403 ............................................................................................................ 1, 6, 7

## NOTICE OF MOTION AND HEARING

PLEASE TAKE NOTICE that at the Final Pretrial Conference on March 6, 2025, at 2:00 p.m. in the courtroom of the Honorable Edward J. Davila, located in located in Courtroom 4, 5th Floor of San Jose Courthouse at 280 South First Street, San Jose, CA 95113, or as soon thereafter as counsel may be heard, Defendants LSI Corporation and Avago Technologies U.S. Inc. (collectively, "LSI" or "Defendants") will and hereby do move *in limine* for an order (1) precluding Plaintiff Regents of the University of Minnesota ("UMN") from introducing testimony or evidence that the inventors listed on the asserted patent "invented" the practice of MTR in view of contrary holdings from the PTAB and Federal Circuit; and (2) precluding UMN from arguing that LSI's alleged past use of claim 13—a claim that has been cancelled *ab initio* by the PTAB for lack of novelty—triggers liability for alleged use of claims 14 and 17.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

LSI respectfully moves *in limine* to exclude argument and evidence relating to UMN's improper portrayal and reliance on cancelled claim 13 of the asserted patent.

*First*, LSI moves to exclude UMN from introducing evidence or argument that the named inventors of the '601 patent, Prof. Jaekyun Moon and Dr. Barrett Brickner, "invented" the subject matter of claim 13—a process called "maximum transition run coding," or "MTR." The Patent Trial and Appeal Board ("PTAB") determined that someone else invented MTR before Prof. Moon and Dr. Brickner, and as a result cancelled claim 13 for lack of novelty under 35 U.S.C. § 102. That decision was affirmed by the Federal Circuit and is binding here, mandating exclusion of any contrary argument or testimony from UMN. Moreover, whatever nominal probative value there may be in UMN's or others' mistaken belief in the past that Prof. Moon and Dr. Brickner "invented MTR" is substantially outweighed by the danger of misleading the jury, and therefore evidence of such belief also should be excluded under Federal Rule of Evidence 403.

*Second*, LSI moves to exclude any argument that practice of claim 13 of the asserted

DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE ARGUMENT AND EVIDENCE THAT UMN "INVENTED MTR" OR THAT LSI IS LIABLE FOR INFRINGING CLAIM 13
CASE NO. 18-CV-00821-EJD

1

1  patent triggers liability. Claim 13 is no longer asserted in this case because the U.S. Patent and

2  Trademark Office ("USPTO") cancelled it *ab initio*, meaning that claim 13 has no past or

3  future legal effect. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F. 3d 1330, 1346 (Fed. Cir.

4  2013) (holding cancelled claims "void *ab initio*"). And the reason the Patent Office cancelled

5  it is because a Japanese inventor referred to as "Okada" invented the encoding method of

6  claim 13 (*i.e.*, MTR) first. Given this, LSI cannot be liable for any alleged past use of the

7  MTR method of claim 13. Therefore, the Court should preclude UMN from making any

8  argument premised on claim 13, including UMN's present argument that LSI is somehow

9  liable for induced and willful infringement of asserted dependent claims 14 and 17 because,

10 "at the time of LSI's [alleged] infringement, all claims of the '601 Patent were still intact,"

11 which "included claim 13." Dkt. 334 (UMN's Response to LSI's Motion for Summary

12 Judgment) at 18-19.

## II. FACTUAL BACKGROUND

UMN originally alleged that LSI infringed claims 13, 14, and 17 of U.S. Patent No. 5,859,601, entitled "Method and Apparatus for Implementing Maximum Transition Run Codes." Dkt. 1-2 ("the '601 Patent"). The '601 Patent lists Jaekyun Moon and Barrett J. Brickner as purported inventors. *See id*. MTR codes impose "a limit on the maximum number of consecutive transitions" (*e.g.*, flips from binary '1' to binary '0' or vice versa) that can occur, through the use of a 'j' constraint, with 'j' being the "maximum number of consecutive transitions allowable." Dkt. 263 (Claim Construction Order) at 2 (citing '601 Patent at 2:59-60, 4:46-48, 10:55-59).

Claim 13 covers the general method of MTR encoding.[1] Claims 14 and 17—both of which depend from claim 13—are limited to a specific type of MTR encoding where the required 'j'

---

[1] *See* Dkt. 40 (First Amended Complaint) at ¶ 74 (UMN alleging that MTR "codes are covered by claim 13"); *id*. at ¶ 131 (UMN alleging that "MTR coding requires performance the methods of claim 13"); *see also* Dkt. 315-4 (July 26, 2024 McLaughlin Dep. Tr.) at 33:24-34:6 (Q: "Claim 13 covers a method for MTR and coding, correct of the '601 patent?"  A: "Yeah, that's my understanding."); Dkt. 315-17 (Oct. 31, 2023 Moon Dep. Tr.) at 139:23-140:5 (Q: "Claim 13 is

constraint is greater than or equal to 2 but less than 10.[2] As acknowledged by UMN's own technical expert, the PTAB "found that claim 13 was anticipated by Okada" and, in consequence, "Okada invented the method of claim 13, not [Prof.] Moon and [Dr.] Brickner." Dkt. 315-4 at 49:3-49:9.[3] The Federal Circuit affirmed the PTAB's finding that claim 13 is unpatentable over Okada's 1992 prior invention. *LSI Corp. v. Regents of the Univ. of Minnesota*, 43 F.4th 1349, 1354 (Fed. Cir. 2022) ("[T]he Board issued its final written decision finding claim 13 anticipated by Okada (a determination that UMN does not contest on appeal)."). Thereafter, the USPTO issued a certificate cancelling claim 13. *See* Ex. 1. As a result, UMN was forced to discontinue its assertion of MTR generally (*i.e.*, claim 13), leaving only the narrow variation of MTR represented by claims 14 and 17 at issue in this case.

Despite the above, UMN intends to present a false inventorship narrative to the jury—a narrative that also flouts the Court's Claim Construction Order. For instance, UMN's expert Prof. McLaughlin opines in his rebuttal expert report that "I am not aware of any paper, book or patent that describes MTR codes prior to May 1995 ***for magnetic recording***." Dkt. 315-19 (McLaughlin Rebuttal Report) at 18-19, ¶ 6.25 (emphasis added). This represents pure gamesmanship, attempting to resurrect UMN's debunked claim of having "invented MTR" by artificially limiting the general MTR encoding process described claim 13 to "magnetic recording." But the PTAB and this Court already expressly rejected the argument that MTR encoding is limited to magnetic recording. *See* Dkt. 263 at 13 ("[T]he PTAB's decision logically required it to reject UMN's construction that 'transition' referred to a magnetic

---

written in a way that would cover any MTR code; correct?" A: "For --- right. Whatever code that enforces j and k constraint the way we described in the claim.").

[2] Dkt. 315-17 (Oct. 31, 2023 Moon Dep. Tr.) at 140:21-141:2 (Q: "Claim 14 of the 601 patent would cover any conceivable MTR code so long as the code has a j constraint greater than or equal 2 and less than 10 and has some k constraint; correct? A: "Correct.").

[3] *See also id*. at 36:4-10 (Q "Okada anticipates claim 13, right?" A "Yes."); *id*. at 28:9-11 (Q: "[A]nyone can use claim 13 without infringing the ''601 patent, right?" A "Yes, that's correct.").

DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE ARGUMENT AND EVIDENCE THAT UMN "INVENTED MTR" OR THAT LSI IS LIABLE FOR INFRINGING CLAIM 13
CASE NO. 18-CV-00821-EJD

3

transition."). Indeed, Prof McLaughlin conceded at his deposition that, under the construction adopted by the PTAB and this Court, the general MTR process disclosed in claim 13 includes more than just "magnetic recording":

> Q. Okay. Do you remember the Okada patent from the IPR?
>
> A. Yes.
>
> Q. That was optical recording, right?
>
> A. Correct.
>
> Q. Okada anticipates claim 13, right?
>
> A. Yes.
>
> Q. So claim 13 covers optical recording, correct?
>
> 13 A. Yes.

Dkt. 315-4 (July 26, 2024 McLaughlin Dep. Tr.) at 36:4-13.

There are multiple additional examples of UMN's intent to press a false MTR inventorship narrative in the record. In his report, Prof. McLaughlin also stressed that "the National Industry Consortium (NSIC) awarded Prof. Moon its Technical Achievement Award in 1997 for '*creation and development of the Maximum Transition Run Code.*'" Dkt. 315-19 (McLaughlin Rebuttal Report) at 19, ¶ 6.26 (emphasis added); Ex. 2 (Dr. Moon's award). In the same vein, Prof. McLaughlin also opined that "Drs. Moon and Brickner are generally credited and known in the industry, including by LSI engineers, for inventing MTR codes." Dkt. 315-5 (McLaughlin Opening Report) at 21, ¶ 5.38; *see also id.*, ¶ 5.39. But it does not matter what anyone mistakenly "awarded" or "credited" nearly 30 years ago. What matters is what the PTAB held, as subsequently affirmed in a binding Federal Circuit decision. And the PTAB made clear that Okada, not Prof. Moon and Dr. Brickner, first invented MTR codes.

As perhaps the clearest example of UMN's intended disregard for the PTAB and Federal Circuit decision, UMN argues that LSI is liable for indirect and willful infringement of claims 14 and 17 of the '601 Patent, because claim 13 was "still intact" at the time when LSI designed its chips:

> LSI's own executives repeatedly identified the rate 17/18 MTR code they

> were developing as a form of MTR code invented by Prof. Moon and Dr. Brickner, indicating subjective intent to practice the MTR code technology. And at the time of LSI's infringement, **all claims of the '601 Patent were still intact**. **This included claim 13**, which has no upper j constraint and so is unimpacted by a non-infringement theory based on a j constraint of over 10. LSI should not now be permitted to deploy its ex-post-facto non-infringement theory to override the record evidence of its subjective intent.

Dkt. 334 at 18-19 (emphasis added). This despite binding Federal Circuit precedent that claims cancelled by the PTAB are void *ab initio* and must be treated as if they never existed. *Fresenius*, 721 F. 3d at 1346 (holding that cancelled claims are "void *ab initio*.").

## III.   ARGUMENT

District courts have "inherent authority" to issue "*in limine* rulings" to "manage the course" of trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The Court should exercise its authority to exclude evidence and arguments that are barred by collateral estoppel and present a prejudicial and misleading narrative to the jury. Specifically, the Court should exclude: (1) any evidence or argument intended to advance UMN's debunked theory that the named inventors of the '601 Patent "invented MTR"; and (2) any argument that LSI's alleged knowledge or practice of cancelled claim 13 has any bearing on LSI's alleged infringement liability under claims 14 and 17.

### A.   The Court Should Exclude UMN from Introducing Evidence or Argument that Prof. Moon and Dr. Brickner "Invented MTR"

As discussed above, UMN's technical expert, Prof. McLaughlin, and its lead inventor, Prof. Moon, have acknowledged under oath that claim 13 of the '601 Patent covers "MTR" encoding, and UMN made the same allegations in its First Amended Complaint. LSI challenged claim 13 through IPR, and the PTAB found that claim 13 is anticipated by the "Okada" patent, U.S. Patent No. 5,392,270, which identifies Mr. Shinichi Okada and Mr. Kyota Funamoto at Pioneer Electronic Corporation as the true inventors of MTR. *See LSI*, 43 F.4th at 1354. UMN should not be allowed to pretend that the PTAB and Federal Circuit proceedings never happened and introduce evidence or argument to the jury that implies that the listed inventors on the '601 Patent inventors, Prof. Moon and Dr. Brickner, were the first to invent "MTR."

First, the PTAB's finding that the "Okada" inventors invented MTR encoding more than

one year before the claimed priority date for the '601 Patent has "a collateral estoppel effect" here. *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018).[4] This Court previously set forth the "three-part test" for collateral estoppel: (1) "the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated"; (2) "the first proceeding ended with a final judgment on the merits"; and (3) "the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." Dkt. 263 at 13 (citing *Hydranautics v. FilmTex Corp.*, 204 F.3d 880 (9th Cir. 2000)). All three parts of the test are met. The Okada patent matured from an application filed in 1992, which is *more than three years before* Prof. Moon's and Dr. Brickner's alleged conception of "MTR" in 1995, and the PTAB found that Okada anticipates claim 13. That decision ended with a final judgment from the PTAB, which was affirmed by the Federal Circuit on appeal, and UMN was a party to that proceeding and litigated vigorously. Thus, UMN should be estopped from re-litigating the inventorship of MTR.

Second, whatever nominal probative value (if any) that might be found in UMN's or others' mistaken belief in the past that Prof. Moon and Dr. Brickner "invented MTR" is substantially outweighed by a danger of misleading the jury, and therefore should also be excluded under Federal Rule of Evidence 403. For example, presenting the 1997 NSIC Technical Achievement Award for the "creation and development of the Maximum Transition Run Code," or Dr. McLaughlin's opinion that "Drs. Moon and Brickner are generally credited and known in the industry, including by LSI engineers, for inventing MTR codes," would only serve to mislead the jury into believing that Dr. Moon first invented MTR—a conclusion that is wrong as a matter of law in view of the PTAB holding and Federal Circuit affirmance. Dkt. 315-5 (McLaughlin Opening Report) at 21, ¶ 5.38; *see also id.*, ¶ 5.39. Therefore, any such evidence or argument should be excluded under Federal Rule of Evidence 403.

---

[4] *See also Fellowes, Inc. v. Acco Brands Corp.*, No. 10-cv-7587, 2019 WL 1762910, at *6 (N.D. Ill. Apr. 2019) (noting that the *XY* court "rejected the argument articulated in the dissent, that PTAB opinions should not have preclusive effect in district courts because of the different standards of validity, burdens of proof, and standards of appellate review").

DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE ARGUMENT AND EVIDENCE THAT
UMN "INVENTED MTR" OR THAT LSI IS LIABLE FOR INFRINGING CLAIM 13         6
CASE NO. 18-CV-00821-EJD

**B.    The Court Should Exclude Argument that LSI's Alleged Practice of Claim 13 By Itself Triggers Any Form of Liability**

To prove induced and willful infringement, UMN must show that LSI had a specific intent to infringe or encourage other's infringement at the time of the challenged conduct. *See, e.g., Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016). Remarkably, UMN argues that LSI is liable for induced and willful infringement of <u>claims 14 and 17</u> because, "at the time of LSI's [alleged] infringement, all claims of the '601 Patent were still intact," which "<u>included claim 13</u>." Dkt. 334 at 18-19 (emphasis added). This ignores that the Patent Office's cancellation of claim 13 has "retroactive" effect—LSI could not have "intended" to infringe a claim that, from a legal perspective, never existed. *Fresenius*, 721 F. 3d at 1346 (holding cancelled claims "void *ab initio*"). Even UMN's technical expert acknowledges conceded that any use by LSI of now-cancelled claim 13 is irrelevant to any infringement liability:

> Q. Yeah, and anyone can use claim 13 without infringing the '601 patent, right?
> A. Yes, that's correct. . . .
> Q. If someone uses the methods of claim 13 and/or 21, they don't need to pay royalties to the University of Minnesota, correct?
> A. That logic appears to be correct.

Dkt. 315-4 (July 26, 2024 McLaughlin Dep. Tr.) at 28:9-19. Thus, UMN cannot base any argument for induced or willful infringement of claims 14 and 17 on LSI's alleged past use of claim 13. And allowing such an erroneous argument to be presented at trial would mislead the jury and unduly prejudice LSI. *See* Fed. R. Evid. 401-403.

**IV.    CONCLUSION**

For the reasons set forth above, the Court should preclude UMN from presenting at trial (1) any evidence or argument intended to advance UMN's debunked theory that the named inventors of the '601 Patent "invented MTR"; and (2) any argument that LSI's alleged knowledge or practice of cancelled claim 13 has any bearing on LSI's alleged infringement liability under claims 14 and 17.

DATED: February 13, 2025        Respectfully submitted,

By: */s/ Kevin M. Bell*
_____

HOLLAND & KNIGHT LLP

Kristopher L. Reed (SBN 235518)
Kenneth S. Chang (SBN 211925)
Edward J. Mayle (admitted *pro hac vice*)

KILPATRICK, TOWNSEND & STOCKTON LLP

April E. Isaacson (SBN 180638)
Kevin M. Bell (admitted *pro hac vice*)
Andrew W. Rinehart (admitted *pro hac vice*)
Kathleen R. Geyer (admitted *pro hac vice*)

Attorneys for Defendants
LSI Corporation and Avago Technologies U.S. Inc.

DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE ARGUMENT AND EVIDENCE THAT UMN "INVENTED MTR" OR THAT LSI IS LIABLE FOR INFRINGING CLAIM 13
CASE NO. 18-CV-00821-EJD

8

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on February 13, 2025.

/s/ Kevin M. Bell

DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE ARGUMENT AND EVIDENCE THAT UMN "INVENTED MTR" OR THAT LSI IS LIABLE FOR INFRINGING CLAIM 13
CASE NO. 18-CV-00821-EJD

9