HOLLAND & KNIGHT LLP

Kristopher L. Reed (SBN 235518)
*kris.reed@hklaw.com*
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Tel: (214) 964-9500 / Fax: (214) 964-9501

Kenneth S. Chang (SBN 211925)
*ken.chang@hklaw.com*
Edward J. Mayle (admitted *pro hac vice*)
*edward.mayle@hklaw.com*
1801 California Street, Suite 5000
Denver, CO 80202
Tel: (303) 974-6660 / Fax: (303) 974-6659

Attorneys for Defendants

KILPATRICK, TOWNSEND & STOCKTON LLP

April E. Isaacson (SBN 180638)
*aisaacson@kilpatricktownsend.com*
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Tel: (415) 576-0200 / Fax: (415) 576-0300

Kevin M. Bell (admitted *pro hac vice*)
*kbell@ktslaw.com*
1400 Wewatta St., Suite 600
Denver, CO 80202
Tel :(303) 571-4000 / Fax: (303) 571-4321

Andrew W. Rinehart (admitted *pro hac vice*)
*arinehart@kilpatricktownsend.com*
1001 West Fourth Street
Winston-Salem, NC 27101
Tel: (336) 607-7300 / Fax: (336) 607-7500

Kathleen R. Geyer (admitted *pro hac vice*)
*kgeyer@kilpatricktownsend.com*
1420 Fifth Ave., Ste. 3700
Seattle, WA  98101
Tel: (206) 467-9600 / Fax: (206) 623-6793

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION AND AVAGO TECHNOLOGIES U.S. INC.,<br><br>Defendants. | Civil Action No. 18-cv-00821-EJD-NMC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* REGARDING *CARNEGIE MELLON* LITIGATION**<br><br>Date:   March 6, 2025<br>Time:   2:00 p.m.<br>Place:  Courtroom 4—5th Floor<br><br>Hon. Edward J. Davila |

1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION AND STATEMENT OF THE ISSUE TO BE
        DECIDED ...................................................................................................1

II.     LEGAL STANDARD .................................................................................2

III.    FACTUAL BACKGROUND .....................................................................2

        A.      The *CMU* Litigation...................................................................2

        B.      UMN's Reliance on *CMU*..........................................................3

IV.     THE COURT SHOULD EXCLUDE ALL REFERENCE TO *CMU*...........................4

        A.      *CMU* Is Not Relevant to the Claims and Defenses in this Trial ........................4

        B.      Any Reference to *CMU* Will Unfairly Prejudice Defendants,
                Confuse and Mislead the Jury, and Waste Time................................5

        C.      Any Arguments by UMN for Admissibility of *CMU* Should
                Be Rejected. ................................................................................6

V.      CONCLUSION...........................................................................................7

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*2-Way Computing, Inc. v. Sprint Solutions, Inc.*,

5

No. 2:11-CV-12 JCM (PAL), 2015 WL 2365648 (D. Nev. May 18, 2015)....................................7

6

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,

7

324 F. Supp. 3d 470 (D. Del. 2018)...........................................................................................5

8

*Carnegie Mellon Univ. v. Marvell Tech. Grp. Ltd. et al.*,

9

807 F.3d 1283 (Fed. Cir. 2015)..............................................................................................0, 1

10

*Carnegie Mellon University v. Marvell Tech. Grp., Ltd. et al.*

11

Civil Action No. 2:09-cv-00290-NBF (W.D. Pa.)..............................................................passim

12

*Engquist v. Or. Dep't of Agric.*,

13

478 F.3d 985 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2008) ............................................................5

14

15

*Finjan, Inc. v. Sophos, Inc.*,

16

No. 14-cv-01197-WHO, 2016 WL 4560071 (N.D. Cal. Aug. 22, 2016) .......................................4

17

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,

18

318 F. Supp. 1116  (S.D.N.Y. 1970), *judgment modified*, 446 F.2d 295 (2d Cir. 1971).............5, 6

19

20

*Grace v. Apple, Inc.*,

21

No. 17-CV-00551-LHK, 2020 WL 227404 (N.D. Cal. Jan. 15, 2020) ......................................2, 5

22

23

*In re Innovatio IP Ventures, LLC Patent Litigation*,

24

MDL Docket No. 2303, Case No. 11-C-9308, 2013 WL 5593609 (N.D. Ill. Oct. 3, 2013) ..........7

25

*Int'l Bus. Machs. Corp. v. Zynga Inc.*,

26

Civil Action No. 22-590-GBW, 2024 WL 3993290 (D. Del. Aug. 29, 2024)................................2

27

*Kakkis v. Provident Mut. Life Ins. Co. v. Philadelphia*,

28

No. CV 00-08297 DDP (JWJx), 2002 WL 34357203 (C.D. Cal. Oct. 7, 2002)............................2

*Marez v. Bassett*,

CV 06-0118 ABC (RCx), 2011 WL 13213813, at *3 (C.D. Cal. Oct. 3, 2011) .........................2, 5

*Opticurrent, LLC v. Power Integrations, Inc.*,

No. 17-cv-03597-WHO, 2018 WL 6727826 (N.D. Cal. Dec. 21, 2018) .........................................6

*Princeton Digital Image Corp. v. Ubisoft Entm't SA et al.*,

Case 1:13-CV-00335-LPS-CJB (Dkt. 341) (D. Del. Dec. 11, 2018)...............................................7

*Realtek Semiconductor Corp. v. LSI Corp.*,

No. 12-cv-3451-RMW, 2014 WL 46997 (N.D. Cal. Jan. 6, 2014) ............................................4, 5

*Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc. et al.*,

C.A. No. 17-17334-RGA, 2021 WL 982732 (D. Del. Mar. 16, 2021)............................................7

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*,

760 F. App'x 977 (Fed. Cir. Mar. 18, 2019) ..................................................................................7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>NOTICE OF MOTION</u>

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 6, 2025, at 2:00 p.m. or soon thereafter as counsel may be heard by the Honorable Judge Davila, in the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California, Defendants LSI Corporation and Avago Technologies U.S. Inc. (collectively, "LSI") will move and hereby do move *in limine* regarding the admissibility of evidence and arguments at trial related to *Carnegie Mellon University v. Marvell Tech. Grp., Ltd.*, Civil Action No. 2:09-cv-00290-NBF (W.D. Pa.).

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**</u>

2

**I.    INTRODUCTION AND STATEMENT OF THE ISSUE TO BE DECIDED**

3

Pursuant to Federal Rules of Evidence 402 and 403, Defendants LSI Corporation and

4

Avago Technologies, Inc. (collectively, "Defendants") respectfully request that the Court preclude

5

Plaintiff Regents of the University of Minnesota ("UMN") from introducing any evidence,

6

testimony, argument, or otherwise referencing at trial the existence, facts, posture, legal and

7

factual theories, arguments, or outcome of *Carnegie Mellon University v. Marvell Tech. Grp., Ltd.*

8

*et al.*, Civil Action No. 2:09-cv-00290-NBF (W.D. Pa.) (hereinafter, "*CMU*").

9

*CMU* is wholly irrelevant to any issue in this case.  *CMU* was a patent infringement case

10

between different parties (Carnegie Mellon University, Marvell Technology Group, and Marvell

11

Semiconductor) involving different and unrelated patents.  The asserted Carnegie Mellon patents

12

claimed different alleged inventions and were asserted against different accused products.  The

13

only connection between *CMU* and the current case is that the same plaintiff's counsel (K&L

14

Gates) represented Carnegie Mellon and used the same experts.

15

The *CMU* case has no probative value to this case. And even if there was, it is far

16

outweighed by the severe risk of undue prejudice, jury confusion, and wasted time resulting from

17

discussion of an unrelated litigation in a different court between different parties involving

18

different patents and different products. Put simply, UMN wants to put the *CMU* jury verdict in

19

front of the jury because it is extremely large—over one billion dollars—to make UMN's demand

20

of nearly $80M look more reasonable in comparison. The Court should not permit such a gambit.

21

This case should be decided on the facts of this case without comparison to any other verdict,

22

especially a verdict that was vacated by the Federal Circuit and can serve no purpose but to

23

habituate the jury to the idea of an enormous verdict.

24

**<u>The issues to be decided are</u>**: Whether UMN should be precluded from mentioning and

25

introducing any evidence, testimony, argument, or otherwise referencing at trial the facts, posture,

26

legal and factual theories, arguments, or outcome of *CMU*.

27

28

## II.    LEGAL STANDARD

Evidence and testimony about unrelated litigation "is likely to give rise to time-consuming tangents about the merits of those trials." *Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2020 WL 227404, at *3 (N.D. Cal. Jan. 15, 2020) (quoting *Marez v. Bassett*, CV 06-0118 ABC (RCx), 2011 WL 13213813, at *3 (C.D. Cal. Oct. 3, 2011)). "Introducing evidence of verdicts or judgments in other cases will distract the jury from considering the relevant issues in the current case." *Kakkis v. Provident Mut. Life Ins. Co. v. Philadelphia*, No. CV 00-08297 DDP (JWJx), 2002 WL 34357203, at *2 (C.D. Cal. Oct. 7, 2002). "Courts routinely exclude evidence and argumentation relating to prior litigation because the risk of unfair prejudice substantially outweighs the probative value of any evidence." *Int'l Bus. Machs. Corp. v. Zynga Inc.*, Civil Action No. 22-590-GBW, 2024 WL 3993290, at *2 (D. Del. Aug. 29, 2024).

## III.    FACTUAL BACKGROUND

### A.    The *CMU* Litigation

Carnegie Mellon University filed an infringement action against Marvell Technology Group, Ltd. and Marvell Semiconductor, Inc. (collectively "Marvell"), alleging that Marvell infringed two of Carnegie Mellon's patents, U.S. Patent Nos. 6,201,839 and 6,438,180, on March 6, 2009. Ex. 1 (*CMU* Dkt. 901, Opinion Denying JMOL), at 1. The Carnegie Mellon patents have no connection to UMN's asserted U.S. Patent No. 5,895,601—no shared specification, no shared inventors, no shared ownership, and no shared licensing or litigation history. In *CMU*, Carnegie Mellon alleged infringement by Marvell's MNP, EMNP-type and NLD type chips, none of which is implicated in the present case. Ex. 1 (*CMU* Dkt. 901, Opinion Denying JMOL), at 17. After trial, the CMU jury entered a verdict on December 26, 2012, in favor of CMU on infringement, validity, and willfulness, awarding damages in the amount of $1,169,140,271.00. Ex. 1 (*CMU* Dkt. 901, Opinion Denying JMOL), at 1. On appeal, the Federal Circuit reversed the enhancement of damages due to willfulness and vacated the portions of the damages award and on-going royalty which applied to chips not made in, used in, or imported to the United States. *Carnegie Mellon Univ. v. Marvell Tech. Grp. Ltd. et al.*, 807 F.3d 1283, 1311 (Fed. Cir. 2015).

## B. UMN's Reliance on *CMU*

In the present litigation, UMN's experts Ms. Lawton and Dr. McLaughlin rely on *CMU* for portions of their opinions. Specifically, UMN's technical expert, Dr. McLaughlin, provided the following conclusory opinion in his expert report:

> I was also an expert witness in the matter of *Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*, Case No, 09-290 (W.D. Pa.). The patents in the *CMU* case concerned digital processing techniques for the detector on the read-side portion of a read channel. As I've described in this report, the '601 Patent is directed to the write-side portion of the read channel. Based on my knowledge of the patents at issue in the CMU patents and my review of the '601 Patent in this case, it is my opinion that the patents in the *CMU* case and the '601 Patent are technically comparable, even though they *concern different aspects of the read channel*, because both the CMU Patents and the '601 Patent are directed to digital processing methods that can be used to address, in an HDD read channel, noise caused by transitions on the recording medium.

Dkt. 311-3 (McLaughlin Report), ¶ 5.32 (emphasis added).

And UMN's damages expert, Ms. Lawton, refers extensively to *CMU* information in her expert report, citing, *inter alia*, trial testimony, demonstrative exhibits, docket entries, selective quotes from the appellate decision, and deposition exhibits ostensibly to support the reasonableness of her opinion. *See, e.g.*, Dkt. 317-4 (Lawton Report), ¶¶ 195, 198, 201, 203, 227, 268, 340, 408, 410, 414, 434, 436, 438, 445, 452, 454, 457, 460, 470, 475, 478-79, 481, 493, 496, 499, 505-06, 514, 536, 538, 541, 546, 703-05, 716, 720, 723, 820, 873, 878, 882-84, 922-28, 943, 960, 965. Indeed, Ms. Lawton references *CMU* no less than 95 times in her expert report, covering over 550 pages of opinion. For example, Ms. Lawton cites her own trial demonstratives from *CMU* for a statement by Marvell regarding SNR gain: "Marvell explained this in April 2004 as follows…". Dkt. 317-4 (Lawton Report), ¶ 203 n. 449. She also refers not only to the report of Dr. Bajorek in this case, but to his trial testimony in *CMU*. Dkt. 317-4 (Lawton Report), ¶ 227 n. 512. And most concerning, Ms. Lawton relies on the billion-dollar *CMU* verdict as a purported

1    "benchmark" to support her per-unit royalty opinions.  Dkt. 317-4 (Lawton Report), ¶¶ 920-28.

2    **IV.    THE COURT SHOULD EXCLUDE ALL REFERENCE TO *CMU***

3    LSI only should be required to litigate this case against UMN; LSI should not be required

4    to litigate against the ghost of a case in which it had zero involvement. Therefore, all mention,

5    evidence, testimony, exhibits, transcripts, and results of *CMU* should be excluded from the

6    upcoming trial as irrelevant under Rule 402, and further excluded as unduly prejudicial under Rule

7    403, as any reference to *CMU* will only confuse and mislead the jury, as well as waste precious

8    trial time.

9        **A.    *CMU* Is Not Relevant to the Claims and Defenses in this Trial**

10    Because the *CMU* proceedings and outcome have no relevance to any issue in this trial, all

11    mention of that case should be excluded under Rule 402.  Specifically, the subject matter,

12    documents, and proceedings in *CMU* do not make it "more or less probable" (Fed. R. Evid.

13    401(a)) that Defendants have infringed claim 14 or claim 17 of the '601 patent. *CMU* involved

14    different parties, a different court, different patents, different fact witnesses, different products,

15    different time periods, and admittedly different technology—"different aspects of the read

16    channel" as acknowledged by UMN's technical expert Dr. McLaughlin. Dkt. 311-3 (McLaughlin

17    Report) ¶ 5.32.  As such, nothing from *CMU* can be fairly said to make it more or less probable

18    that UMN is entitled to monetary damages in the amount of a reasonable royalty of $0.35 per unit,

19    as Ms. Lawton contends.  Courts routinely exclude reference to other cases where, like here, the

20    two cases are so plainly unrelated.  *See, e.g.*, *Realtek Semiconductor Corp. v. LSI Corp.*, No. 12-

21    cv-3451-RMW, 2014 WL 46997, at *7 (N.D. Cal. Jan. 6, 2014) (excluding other lawsuits because

22    patents unrelated to the asserted patents are irrelevant); *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-

23    01197-WHO, 2016 WL 4560071, at *15 (N.D. Cal. Aug. 22, 2016) (excluding evidence of prior

24    litigation involving "unrelated parties, technologies, and non-patent claims").

25    Further, *CMU* has no relevance to any of the *Georgia-Pacific* factors endorsed by the

26    Federal Circuit for calculating patent damages.  *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*,

27    318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *judgment modified*, 446 F.2d 295 (2d Cir. 1971).  All of

28    the *Georgia-Pacific* factors except factors 12 and 14 are specific to the patents or parties in this

litigation, none of which was involved in the *CMU* litigation.  *CMU* also is not probative under factor 12, as a single, jury-determined royalty rate for different patents and "different aspects" of accused products is by definition insufficient to show a relevant *customary* rate for a given industry.  *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 324 F. Supp. 3d 470, 489 (D. Del. 2018) ("No economist would consider a jury verdict as to a hypothetical negotiation about one patent as a reliable basis for determining what the results of an actual arm's-length negotiation about a second patent would be.")  And with respect to factor 14, the mere fact that *CMU* is referenced in the opinions of UMN's experts does not make it probative of anything in this case.

### B.    Any Reference to *CMU* Will Unfairly Prejudice Defendants, Confuse and Mislead the Jury, and Waste Time

The staggering amount of the *CMU* verdict alone—over $1.1 billion—will have a severe prejudicial effect on the jury. "[M]ost courts forbid the mention of verdicts or damage amounts obtained in former or related cases." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1009 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2008). This is because a "jury is likely to give a prior verdict . . . more weight than it warrants. The admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it." *Grace*, 2020 WL 227404, at *2; *Marez*, 2011 WL 13213813, at *3 ("A juror in this case who hears that prior juries found for [the party] in similar cases would likely be unduly swayed by that fact and perhaps not decide this case on its own merits.").  The prejudice here is even more severe because, unlike the prior cases discussed in *Marez*, *CMU* is far removed from the facts of this case—again, a different court, different parties, different patents, different accused products, different accused technological aspects, different time periods, and so forth.

Courts in this District consistently exclude any evidence or argument of other litigation <u>even where the same parties were involved</u> due to the risk of undue prejudice.  *See, e.g.*, *Realtek*, 2014 WL 46997, at *7 ("The court concludes that Realtek's other lawsuits against LSI, which are based on LSI's alleged infringement of Realtek's patents and are not related to the patents-in-suit here, are irrelevant to the issues in the present case.").

## C.     Any Arguments by UMN for Admissibility of *CMU* Should Be Rejected.

UMN likely will contend that *CMU* is relevant to the issue of reasonable royalty damages in this case. But any such assertions by UMN should be rejected for several reasons.

*First*, the patents at issue in *CMU* are unrelated to UMN's single '601 patent (with only two surviving claims), having different priority and issue dates and different claims.  Even UMN's technical expert, Dr. McLaughlin, acknowledges in his report that "they concern different aspects" of the accused products. Dkt. 311-3 (McLaughlin Report) ¶ 5.32.  *Second*, the *CMU* evidentiary record was developed between two completely different parties with different claims and defenses than those asserted in the present case. Neither party here has had any opportunity *in this case* to test the underlying accuracy or reliability of any of the *CMU* evidence or testimony Ms. Lawton relies upon in her report. Courts in this District have recognized the prejudice inherent in such a situation. *See, e.g.*, *Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-cv-03597-WHO, 2018 WL 6727826, at *10 (N.D. Cal. Dec. 21, 2018) ("…[T]here are significant issues under Rule 403 concerning unfair prejudice to PI, jury confusion, and wasted time, resulting from Evans's potential testimony on the *Fairchild* vacated jury verdict. Even if the book of wisdom would permit Evans to consider the verdict, it has little probative value and will almost certainly cause unfair prejudice to PI and lead to jury confusion.  The parties will most likely have to engage in lengthy explanations of the *Fairchild* case, re-litigate those unrelated issues in this trial, and as a result confuse the jury about the facts and circumstances of this dispute.")

*Third*, as explained above, *CMU* is irrelevant to any of the required *Georgia-Pacific* factors. In fact, Ms. Lawton does not even rely upon *CMU* in her *Georgia-Pacific* analysis. Instead, she only references *CMU* as a "potential benchmark for value in this case"—an obvious euphemism for a prejudicial comparison intended to bias the jury in favor of a large verdict.  Dkt. 317-4 (Lawton Report) ¶ 919.  *Fourth*, although Ms. Lawton alleges that "the *CMU* jury verdict provides important valuation data," she also admits that the "jury verdict in *CMU* post-dates the hypothetical negotiation in this case by about 2 years," which means none of the parties *in this case* would have, or even could have, used *CMU* to inform any part of the hypothetical negotiation.  Dkt. 317-4 (Lawton Report) ¶ 921; *see Sprint Commc'ns Co. L.P. v. Charter*

*Commc'ns, Inc. et al.*, C.A. No. 17-17334-RGA, 2021 WL 982732, at *9 (D. Del. Mar. 16, 2021) ("The prior settlement agreements and jury verdicts are not relevant when they occurred after the date of the hypothetical negotiation, as the hypothetical negotiation occurred not 'on the heels' of the settlement agreements and jury verdicts, but before them.").

*Finally*, while Ms. Lawton—a non-lawyer—cites to caselaw in her report in an attempt to rationalize the prejudice inherent in using *CMU* as a so-called "benchmark," none of those cases justify what she is trying to do here. For example, in *Princeton Digital Image Corp. v. Ubisoft Entm't SA et al.*, the court ultimately *excluded* the expert's reliance on unrelated litigation, observing that "[s]ome courts have appeared to conclude that it is *per se* unreliable for a damages expert, when attempting to establish a reasonable royalty for infringement of the patent-in-suit, to rely on a jury verdict from a different case involving entirely unrelated parties and different patents." Ex. 2, *Report and Recommendation*, Case 1:13-CV-00335-LPS-CJB (Dkt. 341) (D. Del. Dec. 11, 2018), slip. op. at 3 (citing cases). In *Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, the jury verdict at issue involved another case *to which Sprint was a party*, and was admitted as evidence relevant to willfulness. 760 F. App'x 977, 980-81 (Fed. Cir. Mar. 18, 2019). In *2-Way Computing, Inc. v. Sprint Solutions, Inc.*, the court did "not reach the issue of whether the license agreements and jury verdicts were sufficiently comparable." No. 2:11-CV-12 JCM (PAL), 2015 WL 2365648, at *5 (D. Nev. May 18, 2015). And in *In re Innovatio IP Ventures, LLC Patent Litigation*, the court excluded evidence of the verdicts and licenses at issue and reasoned it "should consider only licenses that arise out of circumstances comparable to RAND licensing circumstances" because the asserted patents were deemed standard essential. MDL Docket No. 2303, Case No. 11-C-9308, 2013 WL 5593609, at *33 (N.D. Ill. Oct. 3, 2013). There is no claim of standard-essentiality by UMN in this litigation.

## V.    CONCLUSION

The Court should grant the motion *in limine* and preclude UMN from introducing any evidence, testimony, argument, or otherwise referencing the *CMU* litigation.

1    DATED:  February 13, 2025          Respectfully submitted,

2                                       By: */s/ Kevin M. Bell*

3                                           HOLLAND & KNIGHT LLP

4                                           Kristopher L. Reed (SBN 235518)
                                            Kenneth S. Chang (SBN 211925)
5                                           Edward J. Mayle (admitted *pro hac vice*)

6                                           KILPATRICK, TOWNSEND & STOCKTON LLP

7                                           April E. Isaacson (SBN 180638)
                                            Kevin M. Bell (admitted *pro hac vice*)
8                                           Andrew W. Rinehart (admitted *pro hac vice*)
                                            Kathleen R. Geyer (admitted *pro hac vice*)

9
                                            Attorneys for Defendants
10                                          LSI Corporation and Avago Technologies U.S. Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* REGARDING *CARNEGIE MELLON* LITIGATION
CASE NO. 18-CV-00821-EJD-NMC                                                      - 8 -

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that a true and correct copy of the above and foregoing document has

3

been served on all counsel of record via the Court's ECF system on February 13, 2025.

4

*/s/ Kevin M. Bell*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28