| | |
|---|---|
| HOLLAND & KNIGHT LLP | KILPATRICK, TOWNSEND & STOCKTON LLP |
| Kristopher L. Reed (SBN 235518) | April E. Isaacson (SBN 180638) |
| kris.reed@hklaw.com | aisaacson@kilpatricktownsend.com |
| One Arts Plaza | Two Embarcadero Center, Suite 1900 |
| 1722 Routh Street, Suite 1500 | San Francisco, CA 94111 |
| Dallas, TX 75201 | Tel: (415) 576-0200 / Fax: (415) 576-0300 |
| Tel: (214) 964-9500 / Fax: (214) 964-9501 | |
| | Kevin M. Bell (admitted *pro hac vice*) |
| Edward J. Mayle (admitted *pro hac vice*) | kbell@ktslaw.com |
| edward.mayle@hklaw.com | 1400 Wewatta St., Suite 600 |
| Kenneth S. Chang (SBN 211925) | Denver, CO 80202 |
| ken.chang@hklaw.com | Tel :(303) 571-4000 / Fax: (303) 571-4321 |
| 1801 California Street, Suite 5000 | |
| Denver, CO 80202 | Andrew W. Rinehart (admitted *pro hac vice*) |
| Tel: (303) 974-6660 / Fax: (303) 974-6659 | arinehart@kilpatricktownsend.com |
| | 1001 West Fourth Street |
| Attorneys for Defendants | Winston-Salem, NC 27101 |
| | Tel: (336) 607-7300 / Fax: (336) 607-7500 |
| | |
| | Kathleen R. Geyer (admitted *pro hac vice*) |
| | kgeyer@kilpatricktownsend.com |
| | 1420 Fifth Ave., Ste. 3700 |
| | Seattle, WA 98101 |
| | Tel: (206) 467-9600 / Fax: (206) 623-6793 |
| | |
| | Attorneys for Defendants |

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION AND AVAGO TECHNOLOGIES U.S. INC.,<br><br>Defendants. | Civil Action No. 18-cv-00821-EJD-NMC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO PRECLUDE UMN FROM PRESENTING ALTERNATIVE ROYALTY RATE AND ROYALTY BASE CALCULATIONS**<br><br>Date: March 6, 2025<br>Time: 2:00 P.M.<br>Place: Courtroom 4, 5th Floor, 280 S. 1st Street, San Jose, CA 95113<br><br>Hon. Edward J. Davila |

**TABLE OF CONTENTS**

I. INTRODUCTION AND STATEMENT OF THE ISSUE TO BE DECIDED ................................................................................................................ 1

II. Factual Background ........................................................................................... 1

    A. The Accused Products ............................................................................ 1

    B. Ms. Lawton's Royalty Rate and Royalty Base Calculations ................. 2

III. Legal Argument ................................................................................................. 3

    A. Ms. Lawton Cannot Present Royalty Calculations at Trial Beyond the Single Royalty Rate and Two Royalty Bases for Accused Products Disclosed in Her Report ........................................... 3

    B. Ms. Lawton Should Be Excluded From Presenting Any Undisclosed "Sur-Rebuttal" Opinions at Trial .......................................... 3

II. CONCLUSION ................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AngioScore, Inc. v. TriReme Med., Inc.*,
    No. 12-CV-03393-YGR, 2015 WL 5258786 (N.D. Cal., Sept. 8, 2015) .................................. 3

*Benefit Cosms. LLC v. e.l.f. Cosms., Inc.*,
    No. 23-CV-00861-RS, 2024 WL 3558848 (N.D. Cal. July 25, 2024) ................................. 4, 5

*Brown v. DirecTV, LLC*,
    No. CV 13-1170-DMG (EX), 2022 WL 2117803 (C.D. Cal. May 19, 2022) ......................... 5

*Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*,
    725 F.3d 1341 (Fed. Cir. 2013) .............................................................................................. 3

*Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*,
    488 F.3d 982 (Fed. Cir. 2007) ................................................................................................ 3

*Koger v. Costco Wholesale Corp.*,
    No. 3:20-CV-08759-JD, 2023 WL 8188842 (N.D. Cal. Nov. 27, 2023) ................................. 5

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(B) ......................................................................................................... 1, 3, 4

Fed. R. Civ. P. 37(c) ...................................................................................................................... 1, 4

# **NOTICE OF MOTION**

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 6, 2025, at 2:00 P.M. or soon thereafter as counsel may be heard by the Honorable Judge Davila, in the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California, Defendants LSI Corporation and Avago Technologies U.S. Inc. (collectively, "LSI") will move and hereby do move *in limine* to preclude Plaintiff Regents of the University of Minnesota ("UMN") from introducing any evidence, testimony, argument, or otherwise referencing at trial any alternative royalty rate calculations or royalty base calculations that were not explicitly disclosed in the Expert Report of Ms. Catherine Lawton, UMN's designated expert on the issue of damages.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

I.  **INTRODUCTION AND STATEMENT OF THE ISSUE TO BE DECIDED**

Pursuant to Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Civ. P. 37(c), Defendants LSI Corporation and Avago Technologies, Inc. (collectively, "Defendants") respectfully request that the Court preclude Plaintiff Regents of the University of Minnesota ("UMN") from introducing any evidence, testimony, argument, or otherwise referencing at trial any alternative royalty rate calculations or royalty base calculations that were not explicitly disclosed in the expert report of Ms. Catherine Lawton, UMN's designated expert on the issue of damages. In her report, Ms. Lawton identified a single royalty rate calculation (the result of her application of the *Georgia-Pacific* "hypothetical negotiation" framework) with no alternative rates or rate structures. Ms. Lawton then applied that single royalty rate to a discrete set of royalty base calculations. Those royalty base calculations, detailed in Defendants' pending *Daubert* motion that challenges the admissibility of said calculations, constitutes the only royalty base opined to by Ms. Lawton in her report. Pursuant to the Rules governing expert disclosures, Ms. Lawton should be precluded from offering any other royalty rate calculation or royalty base calculation should UMN seek to offer a new rate or base at trial.

**The issues to be decided are**: Whether UMN should be precluded from introducing any evidence, testimony, argument, or otherwise referencing at trial any alternative royalty rate calculation arising from the hypothetical negotiation other than the single royalty rate identified in paragraph 1081 of Ms. Lawton's report; and whether UMN should be precluded from introducing any evidence, testimony, argument, or otherwise referencing at trial any alternative royalty base calculation arising from the hypothetical negotiation other than the specific royalty base calculations identified in Ms. Lawton's report.

II.  **FACTUAL BACKGROUND**

  A.  **The Accused Products**

The two accused read channel programs sold by LSI are identified in Ms. Lawton's Report as the "Accused Products." Dkt. 317-3 at 5. These read channels are incorporated as one component of a much larger "System on a Chip" ("chip" or "SoC") that is sold by LSI for use in

HDDs. *See id.* By themselves, neither read channel can be used to practice the patented methods: the SoCs with these accused read channels as sold by LSI have no power source, no means to receive data, and no means to record data (e.g., no disk). *See id.* As such, the accused SoC's can only be used allegedly to infringe after they are incorporated into hard disk drives ("HDD") manufactured by LSI's customers and used by downstream purchasers.

### B. Ms. Lawton's Royalty Rate and Royalty Base Calculations

As set forth in Defendants' pending *Daubert* motion directed to Ms. Lawton's opinions (Dkt. 317-3), Ms. Lawton's calculation of the royalty rate that would be reached during the hypothetical negotiation is set forth at paragraphs 1076 to 1082 of her report. *See* Dkt. 317-3 at 7; Dkt. 317-4 (Report) at ¶¶ 1076-1082. Regardless of whether damages are calculated as a running royalty or as a lump sum, Ms. Lawton presents only this single calculated royalty rate as the outcome of the hypothetical negotiation as seen in paragraph 1081 of her report. *Id.*; see also Dkt. 317-4 at ¶¶ 1079-80, 1082. Similarly, Ms. Lawton offers just two alternative calculations of a royalty base for accused products, one based on "actual" sales of Defendants' accused HDD SoCs and a second based on a projection of sales of those same SoCs.[1] Dkt. 317-3 at 6-7. As set forth in Defendants' *Daubert* motion, Ms. Lawton made no effort whatsoever to identify how many of the accused SoCs actually were configured to use the sole accused code rate option; as such, Defendants moved to exclude these royalty base calculations for failure to apportion the royalty base. *Id.* at 10-14. Since Defendants' filing of its *Daubert* motion, UMN has not served, nor sought leave to serve, any supplemental report for Ms. Lawton.

---

[1] Ms. Lawton offered a third proposed royalty base in her report that untypically includes products that are not accused of infringement in this case. *See id.* at 9-10, 24-25. That third base of non-accused products is the subject of a separate *Daubert* challenge, and LSI is not attempting to exclude that third, non-accused royalty base under the present motion *in limine*. *See id*.

### III. LEGAL ARGUMENT

**A. Ms. Lawton Cannot Present Royalty Calculations at Trial Beyond the Single Royalty Rate and Two Royalty Bases for Accused Products Disclosed in Her Report**

Ms. Lawton disclosed, in her expert report, opinions as to a single royalty rate and just two alternative calculations of the royalty base for accused products – "actual" and "projected." Ms. Lawton should be precluded from offering testimony at trial as to any other royalty rate or royalty base calculation for accused products.

Federal Rule of Civil Procedure 26(a)(2)(B)(i) provides that an expert report must contain "a complete statement of all opinions the witness will express." Thus, "[a]ll expert witnesses at trial must tether their testimony to the contents of their respective reports, and are precluded from exceeding the scope of their reports." *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR, 2015 WL 5258786, at *1 n.1 (N.D. Cal., Sept. 8, 2015); *see, e.g., Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*, 725 F.3d 1341, 1354 (Fed. Cir. 2013) (affirming district court's striking in part of an expert declaration that included untimely disclosures); *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 995 (Fed. Cir. 2007) (affirming district court's exclusion of expert testimony that fell outside the expert's report). Ms. Lawton should be similarly limited to only what is found in her report with respect to any other royalty rate or any other calculation of the royalty base for accused products.

**B. Ms. Lawton Should Be Excluded From Presenting Any Undisclosed "Sur-Rebuttal" Opinions at Trial**

Ms. Lawton should further be precluded from offering at trial undisclosed opinions or other testimony that purport to rebut the opinions to be offered by Defendants' expert, Dr. McGahee. This would include opinions as to any calculated royalty base that may or may not be offered in rebuttal to Ms. Lawton by Dr. McGahee. Ms. Lawton has not timely or properly disclosed any opinions that comment on Dr. McGahee's analysis, nor has Ms. Lawton timely disclosed any opinion on damages that relies on or addresses in any way Dr. McGahee's calculated royalty base. Moreover, Dr. McGahee's report did not rely on new evidence or witnesses that were not equally available to UMN during fact discovery. UMN's *only* damages

theory—as confirmed in its summary judgement and *Daubert* response briefs—is that UMN is entitled to royalties on any product that could be configured to perform the accused LSI process anywhere in the world, irrespective of whether the product was ever configured to actually perform the accused process or was ever sold or used in the United States. In particular, neither UMN nor Ms. Lawton ever put forth a damages theory premised only on actual performance of the sole accused LSI process (versus other non-accused processes), or that differentiated between products that performed the accused LSI process abroad versus in the United States (as Dr. McGahee did and as the case law requires). Nor did Ms. Lawton ever attempt to quantify how many third-party products were configured to use the sole accused LSI process versus those that were configured to use a non-accused process. A party that fails to timely disclose expert opinions, as required by Rule 26(a), are "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . ." Fed. R. Civ. P. 37(c)(1).

Courts in this district have prohibited such "sur-rebuttal" testimony. For example, one court noted there is prejudice to a party when that party "did not know [the opposing party] would be offering sur-rebuttal opinions until he did so" at deposition. *Benefit Cosms. LLC v. e.l.f. Cosms., Inc.*, No. 23-CV-00861-RS, 2024 WL 3558848, at *7 (N.D. Cal. July 25, 2024). The court confirmed that it was improper to "re-open an expert's deposition at a later date in order to question that expert on their new sur-rebuttal opinions." *Id.* The court only allowed sur-rebuttal evidence to rebut criticisms of the original report—not to rebut alternative theories and calculations that the original expert never put forward. *Id.* ("[T]o avoid prejudice …, [the expert] will not be permitted to offer such testimony outside the rebuttal context."); *see also id.* ("It was improper for e.l.f. to seek to add this new theory to Teshome's opinions on re-direct examination.").

If Ms. Lawton was allowed to present "sur-rebuttal" opinions in response to Dr. McGahee's calculations at trial, the situation would be even more prejudicial than *Benefit Cosmetics*. In *Benefit Cosmetics*, the improper sur-rebuttal testimony was provided in deposition during expert discovery, giving the opposing party some notice of the sur-rebuttal testimony that would be presented at trial. UMN has not given LSI any notice of what Ms. Lawton's alleged sur-

rebuttal testimony. The court noted that the opposing party's questioning did not "open the door" to allow the expert to set forth new theories on re-direct examination. *Id.* To the extent any sur-rebuttal testimony is not contained in her report, it should be excluded. *See, also*, *Koger v. Costco Wholesale Corp.*, No. 3:20-CV-08759-JD, 2023 WL 8188842, at *2 (N.D. Cal. Nov. 27, 2023) ("At trial, Ver Halen may not introduce new evidence or new arguments not previously disclosed or relied upon in his expert report. Introducing additional evidence at this late stage of litigation would deprive plaintiffs of the opportunity to depose experts or prepare cross-exams and rebuttals."); *Brown v. DirecTV, LLC*, No. CV 13-1170-DMG (EX), 2022 WL 2117803, at *5 (C.D. Cal. May 19, 2022) ("But now, there are only four weeks before trial—and even less time for DirecTV to actually conduct its review, considering the productions and supplemental analysis are not actually complete yet. It is unreasonable to expect DirecTV to mount a serious rebuttal in this time, while also preparing for trial."). As such, UMN and Ms. Lawton should not be permitted to criticize, rely on, adopt, or otherwise provide undisclosed opinions in "sur-rebuttal" of Dr. McGahee, including any new alternative calculations in response to Dr. McGahee's independent calculations of the correct royalty rate and base.

## II.   CONCLUSION

Therefore, Defendants respectfully request that this motion be granted and Ms. Lawton not be allowed to present alternative royalty theories at trial beyond the single royalty rate and two royalty bases for accused products disclosed in her expert report. Ms. Lawton should further be precluded from offering any undisclosed opinions in "sur-rebuttal" to Dr. McGahee's opinions or calculated royalty base.

| | | |
|---|---|---|
| 1 | DATED: February 13, 2025 | Respectfully submitted, |
| 2 | | By: /s/ Kevin M. Bell |

HOLLAND & KNIGHT LLP

Kristopher L. Reed (SBN 235518)
Kenneth S. Chang (SBN 211925)
Edward J. Mayle (admitted *pro hac vice*)

KILPATRICK, TOWNSEND & STOCKTON LLP

April E. Isaacson (SBN 180638)
Kevin M. Bell (admitted *pro hac vice*)
Andrew W. Rinehart (admitted *pro hac vice*)
Kathleen R. Geyer (admitted *pro hac vice*)

Attorneys for Defendants
LSI Corporation and Avago Technologies U.S. Inc.

DEFS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO UMN FROM PRESENTING
ALTERNATIVE ROYALTY RATE AND ROYALTY BASE CALCULATIONS
CASE NO. 18-CV-00821-EJD-NMC

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on February 13, 2025.

/s/ Kevin M. Bell